# NO. 12-14-00028-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *PHIL CAULEY,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

## *MEMORANDUM OPINION*

By petition for writ of mandamus, Phil Cauley challenges the trial court's order granting presuit discovery.[1] The real party in interest is Efficien Technology, L.L.C. We conditionally grant the petition.

### BACKGROUND

Efficien is the successor in interest to Natural Resource Recovery, Inc. (NRR), and Cauley is a former employee of NRR. While working at NRR, Cauley helped develop a product identified as a "carbonator." Cauley assigned NRR his rights to the intellectual property related to the carbonator.

Since he left NRR's employment, Cauley and NRR have had a rather litigious relationship. The underlying dispute primarily related to whether Cauley had used NRR's intellectual property to develop a product similar to a carbonator. In the first of two previous suits, Cauley agreed to be enjoined from possessing or using any property belonging to NRR, including intellectual property. NRR agreed that it would not sue Cauley for one year. In the second previous suit, Cauley and NRR reached a settlement agreement in which NRR released Cauley from patent infringement claims.

---

[1] The respondent is the Honorable Randall L. Rogers, Judge of the County Court at Law No. 2, Smith County, Texas.

Efficien, who now owns NRR's intellectual property, sent a private investigator to Cauley's new place of business. The investigator took photographs of a product that Efficien believes is substantially similar to a carbonator. As a result, Efficien is investigating several potential claims against Cauley, including claims of unfair competition, patent infringement, breach of fiduciary duty, and trade secret misappropriation.

As part of this investigation, Efficien filed a petition requesting Cauley's deposition before suit pursuant to Texas Rule of Civil Procedure 202. Efficien set out six potential topics to be addressed in the deposition: (1) construction of the device depicted in the photographs taken by Efficien's private investigator; (2) designs, blueprints, schematics, and any other material providing guidance for the construction of the device; (3) identity of all sources of funding for the construction of the device; (4) identity of all persons and entities having an interest in the construction of the device; (5) expected, intended, and planned use of the device; and (6) Cauley's possession of, access to, or utilization of any information previously belonging to NRR. Along with other documents attached to its petition as support for the requested deposition, Efficien attached affidavits from the private investigator and NRR's former chief executive officer. Cauley objected to Efficien's requested deposition, and argued that he could not respond to questions on Efficien's identified topics of inquiry without divulging privileged trade secrets.

The trial court held a hearing on the matter. At the hearing, Efficien presented the following evidence: (1) two patents related to the carbonator, (2) three assignments executed by Cauley in which he assigned to NRR any rights to three inventions related to the carbonator, (3) the temporary injunction issued in the first suit between NRR and Cauley, (4) the settlement agreement between the parties in that suit, and (5) the confidential settlement agreement in the second suit involving NRR, Cauley, and several other parties.[2] Cauley presented his own affidavit in which he claimed that he could not respond to Efficien's questions regarding its requested deposition topics without discussing trade secrets.

The trial court voiced concerns regarding the trade secret issue. In response, Efficien summarized its position as follows:

---

[2] The settlement agreement from this suit was offered subject to a protective order being signed. According to the documents provided in this proceeding, the trial court never signed the protective order. In this court, Efficien filed a motion to permit filing the settlement agreement under seal, which was overruled.

> [W]hether or not we get into the actual technology, that's really, you know, the icing on the cake. The real purpose – the motivation here is to make sure that if we have to proceed – if there is a simple explanation that puts out the fire, give us a chance to hear it.
>
> On the other hand, if there is not and we do have to go to the next level, we want to do it with the right answers on the floor.

Later in the hearing, Efficien clarified that it "was not asking for the right to go into their trade secrets and [was] asking the court to fashion a way to protect them from having to tell me their trade secrets." The trial court then asked Efficien to submit its proposed questions to opposing counsel and gave Cauley time to object to the questions.

Efficien submitted its proposed questions to the trial court and also requested authorization to ask follow up questions. Cauley responded with objections, and Efficien filed amended proposed questions.

The trial court denied authorization of a number of Efficien's proposed questions and did not permit Efficien to ask follow up questions. But the trial court ordered Cauley to provide written answers, under oath, to the authorized questions propounded by Efficien and to provide a copy of the lease pertaining to the location where the device was being constructed. Cauley then filed his petition for writ of mandamus in this court.

## AVAILABILITY OF MANDAMUS

Ordinarily, mandamus will issue to correct a clear abuse of discretion where there is no adequate remedy by appeal. *In re Olshan Found. Repair Co.*, 328 S.W.3d 883, 887 (Tex. 2010) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). The party seeking the writ of mandamus has the burden of satisfying the prerequisites to mandamus. *See In re E. Tex. Med. Ctr. Athens*, 154 S.W.3d 933, 935 (Tex. App.—Tyler 2005, orig. proceeding).

In determining whether the trial court abused its discretion in resolving factual matters or matters committed to the trial court's discretion, we may not substitute our judgment for that of the trial court and may not disturb the trial court's decision unless it is shown to be arbitrary and unreasonable. *Walker*, 827 S.W.2d at 839-40. Therefore, to show an abuse of discretion in those matters, the relator must establish that the trial court could reasonably have reached only one decision. *Id.* at 840.

Review of a trial court's determination of the legal principles controlling its ruling is much less deferential because a trial court has no discretion in determining what the law is or applying the law to the facts. *Id*. Consequently, a clear failure by the trial court to analyze or apply the law correctly constitutes an abuse of discretion. *Id*.

An order allowing a presuit deposition pursuant to Rule 202 is not a final, appealable order. *See **In re Hewlett Packard***, 212 S.W.3d 356, 360 (Tex. App.–2006, orig. proceeding [mandamus denied]). Therefore, there is no adequate remedy by appeal, and mandamus is the proper avenue to challenge the trial court's order granting Efficien's petition for Cauley's presuit deposition. *See **id***. Consequently, our focus in this proceeding is whether Cauley has shown an abuse of discretion by the trial court.

## TRADE SECRETS

In his first issue, Cauley contends that the trial court abused its discretion by failing to include in its order the findings required by Texas Rule of Civil Procedure 202. However, Cauley also argues that the trade secret privilege is an absolute bar to presuit depositions pursuant to Rule 202. Efficien disagrees that the trade secret privilege is an absolute bar to presuit depositions, but makes no argument that it is entitled to discovery of Cauley's privileged trade secrets. Instead, Efficien asserts that Cauley failed to prove the deposition questions propounded by Efficien and authorized by the trial court required the disclosure of Cauley's privileged trade secrets. We begin our analysis by addressing Efficien's argument regarding the sufficiency of Cauley's proof.

### Applicable Law

The party seeking protection of information by a claim of privilege has the burden to plead and prove the applicable privilege. *See **In re Nance***, 143 S.W.3d 506, 510 (Tex. App.—Austin 2004, orig. proceeding). When the trade secret privilege is asserted as a basis for resisting discovery, the trial court must first determine whether the requested information constitutes a trade secret. ***In re Union Pac. R.R. Co.***, 294 S.W.3d 589, 591 (Tex. 2009) (orig. proceeding). The party resisting discovery has the initial burden to establish that the information sought is a trade secret. ***In re PrairieSmarts LLC***, 421 S.W.3d 296, 305 (Tex. App.—Fort Worth 2014, orig. proceeding). Once the party resisting discovery meets this burden, the party seeking the information must "show reasonable necessity for the requested materials." ***In re***

4

***Bass***, 113 S.W.3d 735, 738 (Tex. 2003) (orig. proceeding). This burden-shifting procedure applies when a party resists discovery sought by a Rule 202 petition by claiming trade secret privilege. ***PrairieSmarts***, 421 S.W.3d at 306.

A trade secret is "any formula, pattern, device or compilation of information which is used in one's business and presents an opportunity to obtain an advantage over competitors who do not know or use it." ***Bass***, 113 S.W.3d at 739. The Texas Rules of Evidence set forth the trade secret privilege as follows:

> A person has a privilege, which may be claimed by the person or the person's agent or employee, to refuse to disclose and to prevent other persons from disclosing a trade secret owned by the person, if the allowance of the privilege will not tend to conceal fraud or otherwise work injustice. When disclosure is directed, the judge shall take such protective measure as the interests of the holder of the privilege and of the parties and the furtherance of justice may require.

TEX. R. EVID. 507.

We consider six factors to determine whether information is a trade secret: (1) the extent to which the information is known outside of the business; (2) the extent to which it is known by employees and others involved in the business; (3) the extent of measures taken to guard the secrecy of the information; (4) the value of the information to the business and to its competitors; (5) the amount of effort or money expended in developing the information; and (6) the ease or difficulty with which the information could be properly acquired or duplicated by others. ***Union Pac.***, 294 S.W.3d at 592. A party asserting a trade secret privilege need not establish that all six factors support finding the information a trade secret because trade secrets do not always fit neatly into each factor and because other factors may be relevant based on the circumstances of a particular case. ***PrairieSmarts***, 421 S.W.3d at 304.

Conclusory affidavits are no evidence of the assertions contained within them. *See* ***Ryland Group v. Hood***, 924 S.W.2d 120, 122 (Tex. 1996) (holding that conclusory affidavit does not raise fact issue to defeat summary judgment). An affidavit is conclusory if it contains bare, baseless opinions. *See* ***Elizondo v. Krist***, 415 S.W.3d 259, 264 (Tex. 2013). Stated another way, "[a] conclusory statement is one that does not provide the underlying facts to support the conclusion." ***Haynes v. City of Beaumont***, 35 S.W.3d 166, 178 (Tex. App.—Texarkana 2000, no pet.).

**Application**

Here, Cauley relied on his own affidavit to establish the trade secret privilege. He filed his affidavit after Efficien identified the six general topics it sought to cover in Cauley's deposition, but before Efficien submitted its proposed questions to the trial court. In his affidavit, Cauley does not specifically address any of the six factors that we review to determine whether information is a trade secret. Instead, Cauley merely recites the definition for "trade secret" under Texas law and asserts that Efficien's proposed deposition topics would require Cauley "to divulge confidential information and trade secrets."

Efficien argues that the discovery authorized by the trial court does not inquire into information that is a trade secret. For instance, at the hearing on presuit discovery before the trial court, Efficien countered that the identity of all sources of funding is not a trade secret because the identity of one's funding source can hardly give one a competitive advantage over one's competitors. However, a compilation of individuals interested enough in a potential business to invest in it can be a "compilation of information which is used in one's business and presents an opportunity to obtain an advantage over competitors who do not know or use it." *See Bass*, 113 S.W.3d at 738. Thus, we agree with Cauley that the information sought by Efficien could possibly infringe upon trade secrets.

But Efficien also argues that Cauley failed to satisfy his burden to show that the authorized discovery actually would infringe upon trade secrets because Cauley's affidavit is conclusory. With this argument, we agree. For the information to be given protection, Cauley, as the party resisting the discovery, must provide evidence that it is a trade secret. Cauley's affidavit states his bare, baseless opinion that he would be required to divulge trade secrets. He does not provide a factual basis for this conclusion. We can envision how the authorized questions could elicit information that would meet the definition of a trade secret, but that is not proof. Cauley's conclusory affidavit does not satisfy his burden. Therefore, the trial court properly could have determined that the questions that it authorized Efficien to ask Cauley did not require the disclosure of information protected by the trade secret privilege.

## PRESUIT DEPOSITIONS

Even though we have concluded that Cauley failed to prove the information sought by Efficien's questions required the disclosure of trade secrets, this does not end our inquiry. We

6

must still decide whether the trial court's authorization of presuit discovery was an abuse of discretion.

**Applicable Law**

Presuit discovery is not intended for routine use. *In re Jorden*, 249 S.W.3d 416, 423 (Tex. 2008) (orig. proceeding). Presuit discovery creates practical and due process problems because discovery demands are made of individuals or entities before they are told what the issues are. *Id*. "Courts must strictly limit and carefully supervise presuit discovery . . . ." *In re Wolfe*, 341 S.W.3d 932, 933 (Tex. 2011) (orig. proceeding) (per curiam).

In recognition of these concerns, presuit discovery under Rule 202 is available only if the trial court makes one of two findings: (1) allowing the petitioner the requested discovery may prevent a failure or delay of justice in an anticipated suit; or (2) the likely benefit of allowing the petitioner to take the requested discovery to investigate a potential claim outweighs the burden or expense of the procedure. TEX. R. CIV. P. 202.4; *Jorden*, 249 S.W.3d at 423. When, as here, the petitioner requests a deposition to investigate a potential claim, the trial court must find that the likely benefit of allowing the petitioner to take the requested deposition to investigate a potential claim outweighs the burden or expense of the procedure before it can authorize such discovery. *Patton Boggs, L.L.P. v. Moseley*, 394 S.W.3d 565, 570 (Tex. App.—Dallas 2011, orig. proceeding).

Presuit discovery under Rule 202 expressly requires that discovery be ordered "only if" the required findings are made. *In re Does*, 337 S.W.3d 862, 865 (Tex. 2011) (orig. proceeding) (per curiam). Thus, we are not permitted to deem the findings implied from support in the record. *Id*. The trial court has no discretion to order presuit discovery without the required finding and abuses its discretion when it does so. *Patton Boggs*, 394 S.W.3d at 571.

**Analysis**

Here, the trial court ordered presuit discovery but did not make the required finding. Efficien argues two bases for excusing the trial court's failure.

First, Efficien argues that we should ignore the guidance provided by the Texas Supreme Court in *In re Does* and imply the necessary finding by the trial court based on the record. We decline Efficien's invitation. An explicit finding by the trial court is required for presuit discovery. *In re Does*, 337 S.W.3d at 865.

Second, Efficien argues that Cauley waived the trial court's error when Cauley's counsel "approved as to form only" the trial court's order. But it is well settled that a party's approval of an order as to form is not consent to the substance of the order. *See Bion Constr., Inc. v. Grande Valley Homes, L.L.C.*, Cause No. 04-09-00060-CV, 2009 WL 4669844, at *4 (Tex. App.—San Antonio 2009, no pet.) (mem. op.). Instead, by approving an order as to form, the party merely indicates that the order accurately sets forth the trial court's ruling. *Bexar Cnty. Criminal District Attorney v. Mayo*, 773 S.W.2d 642, 644 (Tex. App.—San Antonio 1989, no writ). A party who approves an order as to form "waives no error which may be assigned against the proceedings prior to or incident to the judgment." *Sigma Sys. Corp. v. Elec. Data Sys. Corp.*, 467 S.W.2d 675, 677 (Tex. App.—Tyler 1971, no writ) (quoting McDonald, Texas Civil Practice, § 17.10, p. 1336). Cauley did not waive his argument that the trial court failed to make the required finding when his attorney approved the trial court's order as to form only.

Efficien has not shown that the trial court's failure to make the required finding can be excused. Therefore, we hold that the trial court abused its discretion when it ordered presuit discovery without the required finding that the likely benefit of allowing the petitioner to take the requested deposition to investigate a potential claim outweighs the burden or expense of the procedure. *See Patton Boggs*, 394 S.W.3d at 571.

### DISPOSITION

For the reasons set forth above, we have concluded that the trial court abused its discretion in authorizing the presuit deposition in this case. Accordingly, we conditionally grant Cauley's petition for writ of mandamus and direct the trial court to vacate its order granting Efficien's presuit deposition on written questions to Cauley. We trust that the trial court will promptly comply with this opinion and order. The writ will issue only if the trial court fails to do so *within ten days after the date of the opinion and order*. The trial court shall furnish this court, within the time for compliance with this court's opinion and order, a certified copy of its order evidencing compliance.

BRIAN HOYLE
Justice

Opinion delivered July 23, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*
(PUBLISH)

8



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

JULY 23, 2014

NO. 12-14-00028-CV

**PHIL CAULEY,**
Relator
V.
**HON. RANDALL L. ROGERS,**
Respondent

ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by **PHIL CAULEY**, who is the relator in Cause No. 62,356-A, pending on the docket of the County Court at Law #2 of Smith County, Texas. Said petition for writ of mandamus having been filed herein on January 23, 2014, and the same having been duly considered, because it is the opinion of this Court that the petition is meritorious, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, **conditionally granted**.

And because it is further the opinion of this Court that the trial judge will act promptly and issue an order vacating its order granting presuit discovery, the writ will not issue unless the Honorable Randall L. Rogers, Judge of the County Court at Law #2 of Smith County, Texas, fails to do so **within ten (10) days** from the date of this order.

It is further ORDERED that **EFFICIEN TECHNOLOGY, LLC**, pay all costs incurred by reason of this proceeding**.**

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*