# NO. 12-19-00151-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *CITY OF TATUM, TEXAS,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

## *MEMORANDUM OPINION*

Relator, the City of Tatum, Texas, filed this original proceeding to challenge an order authorizing pre-suit discovery under Texas Rule of Civil Procedure 202.[1] We deny the writ.

## BACKGROUND

In January 2019, Real Party in Interest, Linda C. Peterson, filed a verified amended petition to perpetuate testimony, in which she sought to take oral depositions and the production of documents to investigate a potential claim.[2] She specifically requested to take the depositions of the City's chief of police and the custodian of records for the City and/or the Tatum Police Department. Peterson alleged that, on May 7, 2018, she called for an ambulance on behalf of an ill friend. Peterson stated that when Tatum Police Officer Terry Dillon Loftis subsequently arrived, he forced himself into her apartment, kissed her, and sexually assault her. She alleged that (1) the City knew Loftis "exhibited indicators" of this type of behavior both before and after being hired by the City, (2) the City hired, trained, controlled, supervised, and monitored Loftis, and was negligent in doing so, (3) the City's actions were based on an official policy or custom, or lack thereof, the City actively or constructively knew that a policy or custom existed or did not exist

---

[1] Respondent is the Honorable J. Clay Gossett, Judge of the 4th District Court in Rusk County, Texas.

[2] In December 2018, this Court conditionally granted the City's petition for writ of mandamus challenging a 2018 order granting Peterson's request for pre-suit discovery under Rule 202. *In re City of Tatum*, 567 S.W.3d 800 (Tex. App.—Tyler 2018, orig. proceeding).

and because of the policy or custom, or lack thereof, her constitutional rights were violated, (4) she anticipated being a party to a lawsuit involving the City, (5) she could not bring a lawsuit at the time because she did not have the requested information and documents, (6) the City was negligent in its background investigation before hiring Loftis and its failure to discover his "proclivity for this behavior" after his hiring, (7) the City failed to perform adequate screening and "reflected deliberate indifference to the risk posed by Loftis directly causing [Peterson's] injury," (8) the City's training or hiring procedures were inadequate and the City was "deliberately indifferent in adopting adequate hiring and training policies," which directly caused her injury, (9) the City failed to institute procedures to adequately monitor Loftis and its continued indifference directly caused her injury, (10) she has not brought or been a party to a suit arising out of the facts the subject of her petition, and (11) the City, the Tatum Police Department, and Loftis may have interests adverse to hers in the anticipated lawsuit.

Peterson anticipated eliciting testimony regarding the Tatum Police Department's policies and procedures on the screening of applicants, background checks, qualifications for employment, the requirement that more than one officer be present when entering a residence, and body cameras and their availability, and the approximate number of qualified applicants per year. She alleged that the likely benefit of being allowed to take the depositions to investigate a potential claim outweighs the burden or expense of the procedure, and the information sought is essential to deciding the proper forum for further action. She requested that Respondent order the witnesses to produce discoverable information at the depositions, including any policy, procedure, or training manuals of the Tatum Police Department, and any personnel records and background checks regarding Loftis.

At the hearing on Peterson's petition, her counsel testified that Loftis was indicted for sexually assaulting Peterson, and the trial court took judicial notice of the indictment against Loftis. During his testimony, counsel expressed that the primary reason for needing the depositions was to investigate a potential claim or suit because numerous causes of action may or may not be available, such as a Section 1983 claim in federal court. He explained that a Section 1983 claim requires that the officer acted under color of state law. Counsel testified as follows:

> …before a 1983 action can be sustained, the plaintiff needs to know if there's any basis for it. Otherwise, it would be a waste of judicial resources and would be a burden on both sides and would prevent or delay justice if it was filed without a basis.

2

> The taking of this deposition would allow a determination of whether or not there was a basis for a 1983 action. If there is no basis of jurisdiction and all the costs associated with the requirements of a 1983 litigation or at least the additional cost to prepare and litigate a Section 1983 action could be avoided. The way that these go, my experience in both prosecuting and defending these cases is, is that some of the bases for federal jurisdiction include areas such as training deficiencies, inadequate background checks, and other matters that are coupled with a pattern or patterns of activity that would lead to a federal jurisdiction under a sustainable Section 1983 action.

> Because the federal courts tend to bifurcate discovery in Section 1983 actions involving state actors in due questions of first discovering the issue of qualified immunity. And so the federal courts, upon motion of defendant, which they always routinely file, will bifurcate the action and say, okay, well, first, discovery is going to be limited to the question of qualified immunity….

Counsel explained that the parties then conduct discovery and depositions solely as to qualified immunity, which may include returning to court for resolution of whether a question relates to that particular issue. He testified that upon resolution of the qualified immunity question, the parties then conduct additional discovery and depositions. According to counsel, presuit depositions and production of documents would allow him to determine whether federal jurisdiction exists and avoid the "tens, if not hundreds, of thousands of dollars of expense on the defendant and all of that burden and prevent a potential denial or delay of justice."

Regarding state law causes of action, counsel testified that the depositions are necessary to an election of remedies issue under Section 101.106 of the civil practice and remedies code.[3] Counsel testified that:

> …And 101.106 says it is an election of remedies and that the filing of a suit under this chapter against a governmental unit constitutes an irrevocable decision by the plaintiff, and immediately and forever bars any suit of recovery by the plaintiff against any individual employee of the governmental unit regarding the same subject matter.

> …but if you file a suit against the governmental unit and the employee at the same time, then the employee is immediately dismissed on the filing of the motion by the governmental unit. And so as we sit here right now without knowing the questions of whether or not and to what extent there may be liability on the governmental unit, the plaintiff is put to an almost impossible election. If you file suit against both trying to be safe, the employee is immediately dismissed.

---

[3] A suit against a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against any individual employee of the governmental unit regarding the same subject matter. TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(a) (West 2019). A suit against any employee of a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against the governmental unit regarding the same subject matter unless the governmental unit consents. *Id*. § 101.106(b). If suit is filed against both the governmental unit and any of its employees, the employees shall immediately be dismissed on motion by the governmental unit. *Id*. § 101.106(e).

> Then if it turns out, when you actually get to do discovery in the case, that there's no liability on the governmental unit, the employee is gone, you can't then sue him. And so that is the exact definition of a denial of justice.

> If on the other hand, you sue only the employee, because you're not sure that you can get and establish liability on the governmental unit, the minute you file suit on the employee alone, the city is released. And then when you go through discovery of that case and you get the discovery out that I'm seeking right now, you may find that there was tons of grounds for liability on the governmental unit, the one who has the insurance policy. But because you could not do that without having a basis to do it, you have forever released them when you file suit against the individual employee without adding them.

> So the plaintiff in that situation is put to an absolute Hobson's choice….that is another grounds where allowing the taking of this deposition to investigate these claims outweighs the burden or expense of the procedure. This is going to take a morning. It will take the production of a limited number of records. And then those questions that will take tens or hundreds of thousands of dollars to litigate will be decided as to what route the plaintiff in this case needs to take.

On cross-examination, counsel acknowledged that Peterson pleaded that she anticipates being a party to a lawsuit against the City. Additionally, the City presented an affidavit from the Chief of Police, in which she stated that she is also the custodian of records and will make herself available for a deposition upon reasonable notice if a lawsuit is filed against the City.

Respondent granted Peterson's amended petition to take presuit depositions, finding that the likely benefit of allowing Peterson to take the requested depositions to investigate a potential claim outweighs the burden or expense of the procedure. Respondent ordered that the depositions of the chief of police and the custodian of records shall be taken within forty-five days. Respondent further ordered the production of any policy, procedure, or training manuals of the Tatum Police Department, and any personnel records and background checks regarding Loftis. On April 22, the City filed this proceeding and a motion for emergency relief, in which it sought imposition of a stay. This Court granted a stay of the Rule 202 depositions pending further order of this Court.

## PREREQUISITES TO MANDAMUS

Mandamus is an extraordinary remedy. *In re Sw. Bell Tel. Co., L.P.*, 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding). A writ of mandamus will issue only when the relator has no adequate remedy by appeal and the trial court committed a clear abuse of discretion. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding). The relator has the burden of establishing both prerequisites. *In re Fitzgerald*, 429 S.W.3d 886, 891 (Tex. App.—Tyler 2014, orig. proceeding.). "Presuit deposition orders are appealable only if sought from someone against whom suit is *not* anticipated[.]" *In re Jorden*, 249 S.W.3d 416, 419 (Tex.

4

2008) (orig. proceeding). Accordingly, an improper order under Rule 202 may be set aside by mandamus when sought from an anticipated defendant. *In re Wolfe*, 341 S.W.3d 932, 933 (Tex. 2011) (orig. proceeding); *Jorden*, 249 S.W.3d at 419.

## AVAILABILITY OF MANDAMUS

The City contends that Respondent abused his discretion by granting the Rule 202 depositions because (1) Peterson may not request presuit depositions for both reasons set forth in Rule 202, (2) statements in Peterson's verified petition affect the findings to be made, (3) Peterson anticipates a lawsuit under Rule 202.1(a), which forecloses the need for depositions to investigate a potential claim, (4) Respondent failed to make the required finding, and (5) the record does not support the required finding.

### Standard of Review and Applicable Law

A trial court abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to correctly analyze or apply the law. *Cerberus Capital*, 164 S.W.3d at 382. This standard has different applications in different circumstances. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). When reviewing the trial court's resolution of factual issues or matters committed to its discretion, we may not substitute our judgment for that of the trial court. *Id*. The relator must show that the trial court could reasonably have reached only one conclusion. *Id*. at 840. Our review of the trial court's determination of the legal principles controlling its ruling is much less deferential. *Id.* This is because a trial court has no discretion in determining what the law is or applying the law to the facts. *Id*.

Presuit discovery is not intended for routine use; it creates practical and due process problems because discovery demands are made of individuals or entities before they are told what the issues are. *Jorden,* 249 S.W.3d at 423. Thus, "[c]ourts must strictly limit and carefully supervise presuit discovery[.]" *Wolfe,* 341 S.W.3d at 933. A person may petition the court for an order authorizing the taking of a deposition on oral examination or written questions for either of two purposes: (a) to perpetuate or obtain the person's own testimony or that of any other person for use in an anticipated suit; or (b) to investigate a potential claim or suit. TEX. R. CIV. P. 202.1(a)- (b). Rule 202.1's plain language indicates that a party may request presuit depositions for either of these two distinct and separate reasons, but not both. *In re City of Tatum*, 567 S.W.3d 800,

5

805 n.3 (Tex. App.—Tyler 2018, orig. proceeding). "Which path a petitioner chooses dictates what must be done in the case." *In re Denton*, No. 10-08-00255-CV, 2009 WL 471524, at *1 (Tex. App.—Waco Feb. 25, 2009, orig. proceeding) (mem. op.).

A trial court must order a pre-suit deposition to be taken only if it makes one of two findings: (1) allowing the petitioner to take the requested deposition may prevent a failure or delay of justice in an anticipated suit or (2) the likely benefit of allowing the petitioner to take the requested deposition to investigate a potential claim or suit outweighs the burden or expense of the procedure. TEX. R. CIV. P. 202.4(a); *Jorden*, 249 S.W.3d. at 423. If a party seeks presuit depositions for use in an anticipated suit, she must show that allowing her to take the requested depositions may prevent a failure or delay of justice in an anticipated suit. *See* TEX. R. CIV. P. 202.4(a)(1); *see also In re Contractor's Supplies*, *Inc.*, No. 12-09-00231-CV, 2009 WL 2488374, at *4 (Tex. App.—Tyler Aug. 17, 2009, orig. proceeding) (mem. op.). If a party seeks presuit depositions to investigate a potential claim or suit, she must show that the likely benefit of allowing her to take the requested depositions to investigate a potential claim outweighs the burden or expense of the procedure. *See* TEX. R. CIV. P. 202.4(a)(2); *see also In re Denton*, 2009 WL 471524 at *2. Rule 202.4(a) "does not permit the findings to be implied from support in the record." *In re Does*, 337 S.W.3d 862, 865 (Tex. 2011). A trial court has no discretion to order presuit discovery without the required findings and abuses its discretion by doing so. *In re Cauley*, 437 S.W.3d 650, 657 (Tex. App.—Tyler 2014, orig. proceeding).

## Analysis

We first must determine on which ground Peterson sought to take presuit depositions. In her petition's prayer for relief, Peterson asked Respondent to order presuit discovery and find that "(l) allowing the petitioner to take the requested deposition may prevent a failure or delay of justice in an anticipated suit; *or* (2) the likely benefit of allowing the petitioner to take the requested deposition to investigate a potential claim outweighs the burden or expense of the procedure." The plain language of Rule 202.1 indicates that Peterson could petition the court for an order authorizing depositions on oral examination or written questions "*either*: (a) to perpetuate or obtain the person's own testimony or that of any other person for use in an anticipated suit; or (b) to investigate a potential claim or suit." TEX. R. CIV. P. 202.1 (emphasis added); *see also City of Tatum*, 567 S.W.3d at 805 n.3. Accordingly, the City argues that Peterson cannot request presuit depositions for both reasons, and that the record clearly demonstrates that Peterson seeks presuit

depositions for use in an anticipated suit. To support this contention, the City points to the following: (1) statements in Peterson's petition that she "needs to perpetuate the testimony of these witnesses…," "anticipates she will be a party to a lawsuit involving the City of Tatum," and seeks "permission to take a deposition by oral examination to perpetuate the testimony…," (2) counsel's testimony during the hearing that "it is necessary to perpetuate the depositions of various persons, in that the City of Tatum, Texas, has employees who were employed at the time of the hiring of this police officer, one of whom has left and some others may leave before they're able to be deposed in this case and may be outside the subpoena range of this Court, and it's necessary to perpetuate that testimony[,]" (3) counsel's testimony during the hearing that Peterson anticipates being a party to a lawsuit involving the City, and (4) pleadings, testimony, and arguments that outline the causes of action to be asserted against the City.[4] Thus, the City maintains that Peterson's anticipation of a law suit forecloses investigation of a potential claim. We disagree.

Although the petition, as well as counsel's statements and testimony, indicate some intermingling of the two grounds set forth in Rule 202.1, the "nature of Rule 202 as an investigatory tool necessitates some breadth of pleading and dictates that we liberally construe the petition." *In re East*, 476 S.W.3d 61, 66 (Tex. App.—Corpus Christi 2014, orig. proceeding). Here, Peterson's petition specifically alleged that the reason she sought oral depositions and the production of documents was to "investigate a potential claim by Petitioner" and the "likely benefit of allowing the petitioner to take the requested deposition to investigate a potential claim outweighs the burden or expense of the procedure." At the hearing, counsel expressly informed Respondent that Peterson's primary purpose for seeking presuit depositions is to investigate a potential claim or suit. *See* TEX. R. CIV. P. 202.1(b). And while some of counsel's testimony addresses anticipation of a lawsuit, his testimony, as set forth above, clearly focused on the need for presuit depositions to investigate potential claims and the burden or expense that would result if not allowed to do so. Construing Peterson's petition liberally, we conclude that she sought presuit depositions to investigate a potential claim or suit.[5]

---

[4] The City also refers this Court to statements in pleadings and the reporter's record from 2018, which predate Peterson's 2019 amended petition, the hearing on that petition, and Respondent's order granting that petition. In the current proceeding, this Court is only concerned with the 2019 petition, reporter's record, and order. *See Bos v. Smith*, 556 S.W.3d 293, 306 (Tex. 2018) ("[a]mended pleadings supersede prior pleadings").

[5] Additionally, when presuit depositions are sought from an anticipated defendant, Rule 202 orders are considered ancillary to the subsequent suit. *In re Jorden*, 249 S.W.3d 416, 419 (Tex. 2008) (orig. proceeding). If Peterson's petition did not allege anticipation of a suit against the City, the City's petition for writ of mandamus would

Accordingly, Peterson had the burden of showing that the likely benefit of allowing her to take the requested depositions to investigate a potential claim outweighs the burden or expense of the procedure. *See* TEX. R. CIV. P. 202.4(a)(2); *see also* **Denton**, 2009 WL 471524, at *2. In doing so, Peterson was required to introduce evidence to support such a finding. *See* **Contractor's Supplies**, 2009 WL 2488374, at *5. And if presented with sufficient evidence, Respondent was required to find that the likely benefit of allowing Peterson to take the requested deposition to investigate a potential claim outweighs the burden or expense of the procedure, before granting Peterson's petition. *See* **Cauley**, 437 S.W.3d at 657; *see also* **Denton**, 2009 WL 471524, at *2; TEX. R. CIV. P. 202.4(a)(2).

As set forth above, Peterson presented counsel's testimony as to the reasons why presuit depositions are necessary to investigate a potential claim and would outweigh the burden or expense of the procedure. Counsel explained that Rule 202 depositions would aid in determining which claims to assert. For instance, with respect to a Section 1983 claim, conducting presuit depositions would eliminate the lengthy process and expense associated with determining qualified immunity, thereby avoiding a waste of judicial resources, and possibly eliminating the claim altogether if there is no basis for it. Counsel also testified that Rule 202 depositions would aid a determination of which parties to assert claims against, given the election of remedies identified in Section 101.106 of the civil practice and remedies code. Thus, conducting presuit depositions would assist in assessing liability and enable Peterson to choose the appropriate defendant without the expense of later answering that question via litigation.

In light of counsel's testimony, we conclude that Peterson presented evidence from which Respondent could reasonably conclude that "the likely benefit of allowing the petitioner to take the requested deposition to investigate a potential claim outweighs the burden or expense of the procedure." *See* **Butnaru v. Ford Motor Co.**, 84 S.W.3d 198, 211 (Tex. 2002) (trial court does not abuse discretion if some evidence reasonably supports court's decision). This is particularly true given that the Chief of Police is also the custodian of records; thus, any burden or expense would be minimal and is certainly outweighed by the likely benefit of allowing presuit discovery to investigate a potential claim. And, public policy favors the discovery of information. **In re Johnston**, No. 06-10-00095-CV, 2010 WL 3930603, at *4 (Tex. App.—Texarkana Oct. 8, 2010,

not be appropriate for our review. *See id*. (presuit deposition orders are *appealable* if sought from someone against whom suit is *not* anticipated).

orig. proceeding) (mem. op.) (denying petition for writ of mandamus challenging order granting presuit deposition). Accordingly, we conclude that Respondent did not abuse his discretion when finding that the likely benefit of allowing Peterson to take the requested depositions to investigate a potential claim outweighs the burden or expense of the procedure, and acted within his discretion when granting Peterson's Rule 202 petition.

## DISPOSITION

Having determined that Respondent did not abuse his discretion by ordering the presuit depositions requested by Peterson in her Rule 202 petition, we conclude that the City fails to demonstrate an entitlement to mandamus relief. Therefore, we *deny* the writ. We *lift* our stay of proceedings ordered on April 22, 2019.

**GREG NEELEY**
Justice

Opinion delivered May 15, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

9



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

MAY 15, 2019

NO. 12-19-00151-CV

**CITY OF TATUM, TEXAS,**
Relator
V.

**HON. J. CLAY GOSSETT,**
Respondent

## ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by the City of Tatum, Texas; who is the relator in appellate cause number 12-19-00151-CV and a party in trial court cause number 2018-205, pending on the docket of the 4th Judicial District Court of Rusk County, Texas. Said petition for writ of mandamus having been filed herein on April 22, 2019, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**. The stay of proceedings ordered on April 22, 2019, is *lifted*.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*