

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-24-00228-CV

———————————————

IN RE ACCLARENT, INC., Relator

---

Original Proceeding
67th District Court of Tarrant County, Texas
Trial Court No. 067-344578-23

---

Before Birdwell, Womack, and Walker, JJ.
Memorandum Opinion by Justice Walker

**MEMORANDUM OPINION**

Relator Acclarent, Inc. seeks mandamus relief from the trial court's order compelling it to submit to a presuit deposition under Texas Rule of Civil Procedure 202. *See* Tex. R. Civ. P. 202.1 (permitting a person to petition a court for authorization to take a deposition to perpetuate or obtain testimony for use in an anticipated suit or to investigate a potential legal claim or suit). Because the trial court abused its discretion and because Acclarent lacks an adequate remedy by appeal, we conditionally grant mandamus relief.

## I. BACKGROUND

Real party in interest Erin Ralph filed a petition seeking presuit discovery from Acclarent to investigate a possible product-liability claim arising from injuries she incurred during a sinus surgery performed using a "Navigation Balloon Dilation System" (NBDS) manufactured by Acclarent. As articulated by Ralph, she filed the petition to determine

> whether her injuries were caused by the medical negligence of the surgeon and his use of the device, the neuromonitoring doctor's negligence in properly reading and conveying information to the surgeon, or if there is a product liability claim because the navigation device itself is defective, particularly due to its use of artificial intelligence to map and communicate to the surgeon where he is within the sphenoid sinus cavity during surgery.

By the time of the hearing on Ralph's Rule 202 motion, she had already obtained an affidavit from Dr. Marc Dean, who performed the procedure, and a Rule 202 deposition of the neuromonitoring company's corporate representative.

2

Ralph's petition detailed the topics to be addressed in the deposition and requested broad-scope production of documents and data related to the NBDS. For "good cause," Ralph's petition asserted that the deposition was "necessary to determine whether a product liability claim can and should be pursued," that the deposition and document production were necessary to determine whether Acclarent's NBDS was defective, and that the benefit of allowing the deposition would outweigh any purported burden or expense because "[t]he requested information and documents should be readily accessible by [Acclarent] without any undue burden or expense."

Acclarent filed a brief in opposition, asserting that Ralph had failed to plead detailed allegations as required by Rule 202. Acclarent further objected that Ralph's production requests were overbroad and outside Rule 202's scope of permitted discovery. Acclarent also asserted that Ralph's petition allegations showed that she had already obtained more than enough evidence to file her contemplated lawsuit.

The trial court held a hearing at which counsel from both sides presented argument. Ralph argued that she did not want to file a product-liability case if she did not have to because they are expensive and time consuming. She also argued that presuit discovery was appropriate because the limitations period on her potential claim against Acclarent would end on June 21, 2024, and she feared that her claim against Acclarent might be preempted by federal law. She was specifically concerned that Acclarent would remove the case and that she "would immediately confront a 12(b)(6) motion" in federal court. *See* Fed. R. Civ. P. 12(b)(6) (motion to dismiss for failure to

3

state a claim upon which relief can be granted). Acclarent argued that the discovery that Ralph sought was more appropriate for litigation and that Ralph had already obtained enough discovery—from Dr. Dean and the neuromonitoring company—to determine whether she had a claim against Acclarent.

The trial court granted Ralph's petition and ordered Acclarent to submit to the deposition by June 1, 2024, and to produce the documents requested. Acclarent filed a motion for reconsideration, which the trial court denied after a hearing. Acclarent then filed this mandamus petition and moved the trial court to stay its Rule 202 order pending the mandamus proceeding. The trial court granted the stay.

## II. DISCUSSION

Acclarent contends in two issues that the trial court clearly abused its discretion by granting the Rule 202 petition because Ralph failed to offer any evidence to establish that presuit discovery was necessary and because Acclarent does not have an adequate remedy by appeal.

### A. MANDAMUS STANDARD

Mandamus relief is an extraordinary remedy. *In re Acad., Ltd.*, 625 S.W.3d 19, 25 (Tex. 2021) (orig. proceeding). The party seeking mandamus relief must show both that the trial court clearly abused its discretion and that the party has no adequate remedy by appeal. *In re Allstate Indem. Co.*, 622 S.W.3d 870, 875 (Tex. 2021) (orig. proceeding).

4

A trial court abuses its discretion when a decision is arbitrary, unreasonable, and without reference to guiding principles. *Id.*; *see Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). An error of law or an erroneous application of the law to the facts is always an abuse of discretion. *See In re Geomet Recycling LLC*, 578 S.W.3d 82, 91–92 (Tex. 2019) (orig. proceeding).

An appellate remedy is inadequate when a trial court's ruling creates a danger of a party's permanently losing substantial rights—when the appellate court would not be able to cure the error, when the party's ability to present a viable claim or defense is vitiated, or when the error cannot be made a part of the appellate record. *ERCOT, Inc. v. Panda Power Generation Infrastructure Fund, LLC*, 619 S.W.3d 628, 641 (Tex. 2021) (orig. proceeding) (citing *In re Van Waters & Rogers, Inc.*, 145 S.W.3d 203, 211 (Tex. 2004) (orig. proceeding)). Because no right of appeal exists from an order allowing a Rule 202 deposition, *In re Jorden*, 249 S.W.3d 416, 419 (Tex. 2008) (orig. proceeding), mandamus is the proper method to challenge such an order. *In re Kaddatz*, No. 02-23-00336-CV, 2023 WL 7210337, at *4 (Tex. App.—Fort Worth Nov. 2, 2023, no pet.) (mem. op.).

## B. APPLICABLE LAW

Rule 202 authorizes presuit depositions (1) "to perpetuate or obtain the person's own testimony or that of any other person for use in an anticipated suit" or (2) "to investigate a potential claim or suit." Tex. R. Civ. P. 202.1; *Kaddatz*, 2023 WL 7210337, at *3. But, as the Texas Supreme Court has pointed out, "[t]he intrusion into otherwise private matters authorized by Rule 202 outside a lawsuit is not to be taken lightly." *In*

*re Does*, 337 S.W.3d 862, 865 (Tex. 2011) (orig. proceeding). "Rule 202 depositions are not now and never have been intended for routine use. There are practical as well as due process problems with demanding discovery from someone before telling them what the issues are." *Jorden*, 249 S.W.3d at 423. The supreme court has further cautioned that courts must "strictly limit and carefully supervise pre-suit discovery to prevent abuse of the rule." *In re Wolfe*, 341 S.W.3d 932, 933 (Tex. 2011) (orig. proceeding) (discussing application of Rule 202.5).

Although Rule 202 does not require the petitioner to plead a specific cause of action, the petition must "state the subject matter of the anticipated action, if any, and the petitioner's interest therein." *Kaddatz*, 2023 WL 7210337, at \*4. A Rule 202 petition that "merely tracks the language of Rule 202 in averring the necessity of a pre-suit deposition, without including any explanatory facts," will not suffice to meet the petitioner's burden. *Id.* (quoting *DeAngelis v. Protective Parents Coal.*, 556 S.W.3d 836, 856 (Tex. App.—Fort Worth 2018, no pet.)); *In re Time Warner Cable Enters., LLC*, No. 04-15-00539-CV, 2015 WL 5837685, at \*2 (Tex. App.—San Antonio Oct. 7, 2015, orig. proceeding) (mem. op.); *In re East*, 476 S.W.3d 61, 69 (Tex. App.—Corpus Christi–Edinburg 2014, orig. proceeding); *see also Does*, 337 S.W.3d at 865 (concluding that petitioner's "sketchy" allegations mostly concerning a third party "made no effort to present the trial court with a basis for the [Rule 202] findings").

In addition, a Rule 202 petitioner must provide more than mere allegations to obtain a Rule 202 deposition; it must present evidence establishing the facts necessary

6

to obtain such discovery. *See, e.g.*, *In re Pickrell*, No. 10-17-00091-CV, 2017 WL 1452851, at *4 (Tex. App.—Waco Apr. 19, 2017, orig. proceeding) (mem. op.) (collecting cases); *In re Hochheim Prairie Farm Mut. Ins. Ass'n*, 115 S.W.3d 793, 796 (Tex. App.—Beaumont 2003, orig. proceeding) ("Given that the real parties in interest adduced no evidence of imminent loss of the witnesses' testimony, the prejudice to the insurance company in having to submit its employees for deposition far outweighs any benefit to the real parties in interest."). And because pleadings—even if sworn or verified—are not generally considered competent evidence, *Laidlaw Waste Sys. (Dall.), Inc. v. City of Wilmer*, 904 S.W.2d 656, 660 (Tex. 1995), a Rule 202 petitioner usually cannot rely upon a verified pleading to prove the facts asserted in its petition. *Kaddatz*, 2023 WL 7210337, at *4; *see, e.g.*, *Pickrell*, 2017 WL 1452851, at *4–5.

## C. ANALYSIS

Because Ralph sought Acclarent's corporate-representative deposition to investigate a potential claim or suit, *see* Tex. R. Civ. P. 202.1(b), Ralph had to both plead and prove that "the likely benefit of allowing [her] to take the requested deposition to investigate a potential claim outweigh[ed] the burden or expense of the procedure," *see* Tex. R. Civ. P. 202.4(a)(2). Acclarent contends that Ralph failed to plead and prove her need for presuit discovery and that she already has sufficient evidence to pursue her legal claims.

Although Ralph's petition explains the basis for her potential claims against Acclarent, it does not explain why she needs Acclarent's *presuit* deposition. *See Kaddatz,*

7

2023 WL 7210337, at *5.  In fact, Ralph's petition contains no factual allegations concerning Rule 202's requirements at all.  *See* Tex. R. Civ. P. 202.4(a)(2); *Does*, 337 S.W.3d at 865; *Kaddatz*, 2023 WL 7210337, at *5.  Rather, the petition alleges only facts related to the use and alleged failure of Acclarent's NBDS, possible "reports to the FDA" of NBDS failures, and possible reports of other patients who suffered injuries similar to Ralph's when Acclarent's NBDS was used.  The remainder of Ralph's petition identifies the deposition topics to be addressed, and the materials sought, and offers the following as "good cause" for presuit discovery:

- "The requested deposition is necessary to determine whether a product liability claim can and should be pursued";

- "[Ralph] does not desire or intend to file a lawsuit unless there is good cause for the filing of such a lawsuit and wants to perform an adequate investigation to avoid any complaints under Tex. R. Civ. P. 13 but anticipates pursuing such a claim if an investigation reveals legitimate grounds for doing so";

- "[Ralph] does not have and cannot obtain basic facts relevant to evaluating the merits of a product liability claim without the deposition of [Acclarent], and the requested documents";

- "The testimony and documents are necessary to identify whether [Acclarent's NBDS] and TruDi Navigation System was defective in any regard and a substantial cause of the injury that [Ralph] sustained";

- "The benefit of allowing the deposition outweighs any purported burden or expense of the procedure.  The requested information and documents should be readily accessible by [Acclarent] without any undue burden or expense";

- "All requested information exists in the actual, if not the constructive, possession, of [Acclarent]";

8

- "There is no less intrusive way of obtaining the requested information than through the requested deposition"; and

- "Without the requested deposition testimony and relevant documents from [Acclarent], [Ralph] will effectively be denied the ability to investigate the viability of any potential medical product liability claim."

These conclusory assertions merely track the language of Rule 202, *see* Tex. R. Civ. P. 202.1, 202.4, and do not explain why Ralph must obtain the requested discovery *before* filing suit. Although it is laudable that she "does not desire or intend to file a lawsuit unless there is good cause for the filing of such a lawsuit," she must explain why the benefit of doing so outweighs the burden to Acclarent.[1] *See Kaddatz*, 2023 WL 7210337, at \*5; *Hochheim Prairie Farm Mut. Ins. Ass'n*, 115 S.W.3d at 796; *see also In re Meeker*, 497 S.W.3d 551, 557 (Tex. App.—Fort Worth 2016, orig. proceeding) (holding that petition seeking to intervene in Rule 202 deposition action did not sufficiently plead facts showing intervenor's particular need for deposition when intervenor had alleged only that she was no longer receiving trust distributions and information and receiving

---

[1]For example, Ralph's counsel told the trial court that Dr. Dean—from whom she had already received discovery—was "the highest paid consultant and researcher for Acclarent," yet she sought—and the trial court ordered—from Acclarent "[a]ll reports or communications Acclarent . . . has received from or on behalf of or provided to Marc Dean, M.D., detailing any misdirection or deviation with the artificial intelligence component while using the Tru Di Navigation System." *See generally Does*, 337 S.W.3d at 863–65 (holding "that a court may not order pre-suit discovery by agreement of the witness over the objections of other interested parties without making the findings required by Rule 202.4(a) of the Texas Rules of Civil Procedure"); *see also Jorden*, 249 S.W.3d at 424 (holding that Rule 202 discovery is prohibited in health-care liability claims).

9

such information could prevent expensive litigation), *abrogated in part on other grounds by Est. of Johnson*, 631 S.W.3d 56 (Tex. 2021). Although Ralph's counsel argued consistently at the hearing that it is the Rule 202 opponent's burden to allege and prove the extent to which the relief would be burdensome, that is simply not the case. *See, e.g.*, *In re Guillory*, No. 13-23-00410-CV, 2024 WL 2066830, at *5 (Tex. App.—Corpus Christi–Edinburg May 8, 2024, orig. proceeding) (mem. op.); *Kaddatz*, 2023 WL 7210337, at *1; *In re De La Cerda*, No. 01-21-00511-CV, 2022 WL 17981565, at *5 (Tex. App.—Houston [1st Dist.] Dec. 29, 2022, orig. proceeding) (mem. op.). We conclude that, on its face, Ralph's petition is insufficient to demonstrate a need for presuit discovery. *See Kaddatz*, 2023 WL 7210337, at *5; *see also Guillory*, 2024 WL 2066830, at *6 (holding that Rule 202 petition was defective when it alleged that deposing former employee would not be burdensome because the employee lived in the county where the deposition would occur and counsel would work with the employee to determine a mutually convenient time and location); *In re Hewlett Packard*, 212 S.W.3d 356, 362 (Tex. App.—Austin 2006, orig. proceeding [mand. denied]) (holding that the benefit of determining whether petitioner has a legitimate claim against respondent is not sufficient alone to outweigh the burden on potential deponent).

Acclarent further contends that Ralph failed to produce any evidence to support her petition. Ralph disagrees, specifically citing her counsel's statements at the Rule 202 hearing. During the hearing, Ralph's counsel reiterated the grounds stated in Ralph's petition and offered, without objection, his "testimony based on personal . . . knowledge

10

and experience." Counsel then proceeded to explain Ralph's limitations, preemption, and removal concerns; reiterate the petition's list of deposition topics and materials sought; describe the parties' discussions concerning Ralph's presuit discovery requests; and argue legal authority to support the petition. Ralph's counsel also told the court that the discovery from Dr. Dean and the neuromonitoring company was inconclusive about the cause of Ralph's injury—Dr. Dean's records showed he "had no idea he was anywhere near the carotid artery in either instance," and "the corporate representative deposition of the . . . neuromonitoring company [indicated] that all seemed to be working properly."

The parties dispute whether Ralph's counsel's statements qualify as evidence under *Banda v. Garcia*, 955 S.W.2d 270, 272 (Tex. 1997). We need not decide that issue, however, because even if Ralph's counsel provided testimonial evidence, it is insufficient to support Rule 202 relief. *Cf. Vaccaro v. Raymond James & Assocs., Inc.*, 655 S.W.3d 485, 492 (Tex. App.—Fort Worth 2022, no pet.) ("[N]othing in the record suggests that RJA's attorney's statements were based on first-hand knowledge about Vaccaro's property. To the contrary, her statement was that the information came from 'our investigation,' indicating that the information was gathered from other, unidentified sources.").

Notably, Ralph's counsel admitted that she had already obtained evidence of NBDS defects, stating,

11

A couple of years before this incident, [Acclarent] . . . added artificial intelligence to the software. And since that time, there have been reported complaints of -- by surgeons and -- and from facilities that the surgeon is winding up in places in the sinus where they shouldn't be.

And there has been a recall, but the – but it's a voluntary recall, and there isn't any much explanation about why there's a recall or what the consequence of adding that artificial intelligence has been.

So we have a belief that this product, with the addition of the artificial intelligence [(AI)], is now defective in that it can misguide a surgeon. And such as Dr. Dean, who really, according to his records, had no idea he was anywhere near the carotid artery in either instance.

It is evident from the record that Ralph is seeking information about the supplier of the AI-component of the device[2] and Acclarent's decision and process surrounding AI's inclusion into the device. Although at the motion to reconsider hearing Acclarent's counsel offered to provide Ralph's counsel with an affidavit identifying the AI supplier and providing information about whether the AI inclusion was FDA approved, Ralph's counsel nevertheless argued, without support, that a deposition was needed for that information to be accurate and complete.

Ralph failed to adequately show why, with the information it already had and could obtain with Acclarent's agreement, the benefit of deposing Acclarent's corporate

---

[2]Ralph's counsel told the trial court, "What we're trying to figure out is did in-house engineers at [Acclarent] redesign the software package? . . . . So who at [Acclarent], either individually or working with this other company, looked to be sure that [they were] not making predictive guesses about the anatomy of the sinuses?"

representative outweighed the procedure's burden.[3] Ralph's counsel's mere assertion that the "burden and cost" showing made more sense with paper rather than electronic discovery is unavailing[4]—the rule itself has not changed, nor is electronic discovery per se less expensive and time consuming. *See, e.g.*, *In re State Farm Lloyds*, 520 S.W.3d 595, 610 (Tex. 2017) (orig. proceeding) (recognizing that discovery rules, particularly concerning expense and complexity "ring[] just as true in today's electronic discovery frontier"). Thus, we conclude that Ralph failed to prove that the burden of Rule 202 discovery outweighs its benefit.

In sum, Ralph failed to allege any facts or offer any evidence to explain why she is entitled to depose Acclarent's corporate representative under Rule 202. *See Does*, 337 S.W.3d at 865; *Kaddatz*, 2023 WL 7210337, at \*9. Accordingly, we hold that the trial court abused its discretion by granting Ralph's Rule 202 petition. We sustain Acclarent's two issues.

### III. CONCLUSION

---

[3]Ralph relies on *In re City of Tatum*, 578 S.W.3d 203 (Tex. App.—Tyler 2019, orig. proceeding) (mem. op.), to show that she proved the benefit of taking a Rule 202 deposition outweighed the burden to Acclarent. That case is distinguishable in that it involved threshold questions of immunity and election of remedies. *See id.* at 206–08, 211; *see also De La Cerda*, 2022 WL 17981565, at \*6 (distinguishing *Tatum*).

[4]Counsel argued, "[W]e're dealing with a company that specializes in artificial intelligence. I'll bet you they can sit there and tell artificial intelligence, look, here are the five topics that the petitioners have outlined and here's the one request for production. Tell us what we've got and where is it."

Having sustained Acclarent's two issues, we conditionally grant the writ of mandamus. The trial court is ordered to vacate its order granting Ralph's Rule 202 petition and to render an order denying the same. Our writ will issue only if the trial court fails to comply.

All pending motions are denied as moot.

/s/ Brian Walker

Brian Walker
Justice

Delivered: