# NO. 12-18-00285-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | *§* | |
| *CITY OF TATUM, TEXAS,* | *§* | *ORIGINAL PROCEEDING* |
| *RELATOR* | *§* | |

## *OPINION*

Relator, the City of Tatum, Texas, filed this original proceeding to challenge an order authorizing pre-suit discovery under Texas Rule of Civil Procedure 202.[1]  We conditionally grant the writ.

## BACKGROUND

Real Party in Interest, Linda C. Peterson, filed a verified petition to perpetuate testimony, in which she requested to take the depositions of the City's chief of police and the custodian of records for the City and/or the Tatum Police Department.  According to the petition, on May 7, 2018, she placed a call for an ambulance on behalf of an ill friend.  Peterson stated that Tatum Police Officer Terry Dillon Loftis subsequently arrived and entered her apartment, where he proceeded to kiss and sexually assault her.  She alleged that (1) the City knew Loftis "exhibited indicators" of this type of behavior both before and after being hired by the City, (2) the City hired, trained, controlled, supervised, and monitored Loftis, and was negligent in doing so, (3) the City's actions were based on an official policy or custom, or lack thereof, the City actively or constructively knew that a policy or custom existed or did not exist and because of the policy or custom, or lack thereof, her constitutional rights were violated, (4) she anticipated being a party to a lawsuit involving the City, (5) she could not bring a lawsuit at the time because she did not have

---

[1] Respondent is the Honorable J. Clay Gossett, Judge of the 4th District Court in Rusk County, Texas.

information/documents, (6) the City was negligent in its background investigation before hiring Loftis and its failure to discover his "proclivity for this behavior" after his hiring, (7) the City failed to perform adequate screening and "reflected deliberate indifference to the risk posed by Loftis directly causing [Peterson's] injury," (8) the City's training or hiring procedures were inadequate and the City was "deliberately indifferent in adopting adequate hiring and training policies," which directly caused her injury, (9) the City failed to institute procedures to adequately monitor Loftis and its continued indifference directly caused her injury, (10) she has not brought or been a party to a suit arising out of the facts the subject of her petition, and (11) the persons sought to be deposed may have interests adverse to her interests in the anticipated lawsuit.

Peterson specifically sought oral depositions to perpetuate the testimony for use in an anticipated suit. She also alleged a need for presuit discovery "to perpetuate the testimony of these witnesses because the information is essential to decide the proper forum for further action." Peterson stated, "Petitioner anticipates she will be a party to a lawsuit involving the City of Tatum." She anticipated eliciting testimony regarding the Tatum Police Department's policies and procedures on the screening of applicants, background checks, the requirement that more than one officer be present when entering a residence, and body cameras and their availability, the radio log for May 7, 2018, recordings from radio calls for the incident in question, the policy regarding qualifications for employment, and the approximate number of qualified applicants per year. She requested that Respondent order the witnesses to produce discoverable information at the depositions, including any policy, procedure, or training manuals of the Tatum Police Department, any personnel records and background checks regarding Loftis, a copy of the radio log for May 7, 2018, and recordings from radio calls for the incident in question.

At a hearing on her petition, Peterson's counsel informed Respondent, "[W]e brought this motion for -- to perpetuate testimony and to gain information from the City to proceed in the civil case." Counsel further stated, "in the verified petition to perpetuate testimony, it's clear that there is a potential claim against Loftis, and that these -- the deposition of these folks are necessary to perpetuate testimony as well as investigate the matter of that claim." Counsel later stated, "we need some of this testimony to determine what the proper forum for proceeding would be if there is a claim, both as to the City of Tatum and as to Mr. Loftis."

On October 9, 2018, Respondent granted Peterson's request for oral depositions. Respondent ordered that the depositions of the chief of police and the custodian of records shall

2

be taken within forty-five days. Respondent further ordered the production of any policy, procedure, or training manuals of the Tatum Police Department, any personnel records and background checks regarding Loftis, a copy of the radio log for May 7, 2018, and recordings from radio calls for the incident in question. On October 22, the City filed this proceeding and a motion for emergency relief, which requested imposition of a stay. This Court granted a stay of the Rule 202 depositions pending further order of this Court.

## PREREQUISITES TO MANDAMUS

Mandamus is an extraordinary remedy. *In re Sw. Bell Tel. Co., L.P.*, 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding). A writ of mandamus will issue only when the relator has no adequate remedy by appeal and the trial court committed a clear abuse of discretion. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding). The relator has the burden of establishing both prerequisites. *In re Fitzgerald*, 429 S.W.3d 886, 891 (Tex. App.—Tyler 2014, orig. proceeding.). "Mandamus will not issue when the law provides another plain, adequate, and complete remedy." *In re Tex. Dep't of Family and Protective Servs.*, 210 S.W.3d 609, 613 (Tex. 2006) (orig. proceeding). "An improper order under Rule 202 may be set aside by mandamus." *In re Wolfe*, 341 S.W.3d 932, 933 (Tex. 2011) (orig. proceeding); *see In re Cauley*, 437 S.W.3d 650, 655 (Tex. App.—Tyler 2014, orig. proceeding) (an order allowing a presuit deposition pursuant to Rule 202 is not a final, appealable order; thus, there is no adequate remedy by appeal).

## AVAILABILITY OF MANDAMUS

The City contends that Respondent abused his discretion by granting the Rule 202 depositions because (1) the authorized discovery exceeds the scope of Rule 202, (2) Peterson provided no evidence to support her petition for discovery, (3) Respondent failed to make requisite findings, and (4) Rule 202 does not allow for the production of documents.

**Applicable Law**

Presuit discovery is not intended for routine use; it creates practical and due process problems because discovery demands are made of individuals or entities before they are told what the issues are. *In re Jorden,* 249 S.W.3d 416, 423 (Tex. 2008) (orig. proceeding). Thus, "[c]ourts must strictly limit and carefully supervise presuit discovery[.]" *Wolfe,* 341 S.W.3d at 933. A

3

person may petition the court for an order authorizing the taking of a deposition on oral examination or written questions for two purposes: (a) to perpetuate or obtain the person's own testimony or that of any other person for use in an anticipated suit; or (b) to investigate a potential claim or suit. TEX. R. CIV. P. 202.1(a)-(b). "Which path a petitioner chooses dictates what must be done in the case." *In re Denton*, No. 10-08-00255-CV, 2009 WL 471524, at *1 (Tex. App.— Waco Feb. 25, 2009, orig. proceeding) (mem. op.).

Rule 202.4(a), entitled "Required Findings," states that a trial court must order a pre-suit deposition to be taken *only if* it makes one of two findings: (1) allowing the petitioner to take the requested deposition may prevent a failure or delay of justice in an anticipated suit or (2) the likely benefit of allowing the petitioner to take the requested deposition to investigate a potential claim outweighs the burden or expense of the procedure. TEX. R. CIV. P. 202.4(a); *Jorden*, 249 S.W.3d. at 423. Rule 202.4(a) "does not permit the findings to be implied from support in the record." *In re Does*, 337 S.W.3d 862, 865 (Tex. 2011). Thus, a trial court has no discretion to order presuit discovery without the required findings and abuses its discretion by doing so. *Cauley*, 437 S.W.3d at 657.

**Analysis**

In the present case, two reasons support a conclusion that Respondent abused his discretion by granting Peterson's petition.

First, Peterson failed to meet her burden of introducing evidence to support her request for presuit depositions under Rule 202.[2] *In re Contractor's Supplies*, *Inc.*, No. 12-09-00231-CV, 2009 WL 2488374, at *5 (Tex. App.—Tyler Aug. 17, 2009, orig. proceeding) (mem. op.). The record is not entirely clear as to Peterson's reason for seeking presuit depositions. Her petition suggests that she sought presuit depositions for use in an anticipated suit against the City, Loftis, or both. Her arguments at the hearing before Respondent, which she also asserts in her brief to this Court, suggest that she sought presuit depositions both to perpetuate or obtain testimony for use in an anticipated suit and to investigate a potential claim or suit.[3] Nevertheless, Peterson failed

---

[2] Peterson contends that any complaint regarding her evidentiary burden is not preserved for our review because the City failed to object in the trial court. The record demonstrates otherwise. When arguing against the Rule 202 petition at the hearing thereon, the City's counsel specifically complained that Peterson "offered no evidence for that petition." Because the City alerted Respondent to the lack of evidence supporting Peterson's petition, its complaint is preserved for appellate review. *See* TEX. R. APP. P. 33.1.

[3] In at least one case, a trial court made findings supporting both reasons. *See **In re Emergency Consultants,** **Inc.***, 292 S.W.3d 78, 79 (Tex. App.—Houston [14th Dist.] 2007, orig. proceeding). Rule 202.1's plain language,

4

to present evidence supporting her Rule 202 request, regardless of the reason for which she sought presuit depositions.

If Peterson sought presuit depositions for use in an anticipated suit, she was required to show that allowing her to take the requested depositions may prevent a failure or delay of justice in an anticipated suit. *See* TEX. R. CIV. P. 202.4(a)(1); *see also **Contractor's Supplies***, 2009 WL 2488374, at *4. If she sought presuit depositions to investigate a potential claim or suit, she was required to show that the likely benefit of allowing her to take the requested depositions to investigate a potential claim outweighs the burden or expense of the procedure. *See* TEX. R. CIV. P. 202.4(a)(2); *see also **In re Denton***, 2009 WL 471524 at *2. Aside from counsel's arguments at the hearing on Peterson's petition and reliance on the petition itself, Peterson presented no testimony or other competent evidence to support her request. Peterson maintains that she offered her verified petition and met her evidentiary burden. However, pleadings, such as the petition itself, are not generally competent evidence to prove the facts alleged in them, even when sworn or verified. ***Contractor's Supplies***, 2009 WL 2488374, at *6. Nor could Respondent take judicial notice of the truth of the allegations in the pleadings. *See **id.*** And, even if the petition could be considered competent evidence in this case, Peterson's petition does not explain why the depositions would prevent a failure or delay of justice in an anticipated suit or why the likely benefit of the depositions outweighs their burden or expense. *See **In re East***, 476 S.W.3d 61, 69 (Tex. App.—Corpus Christi 2014, orig. proceeding).

Most importantly, this Court and other appellate courts have expressly held that a petitioner fails to make the showing required by Rule 202 without first presenting evidence in support of the petition.[4] ***Contractor's Supplies, Inc***. 2009 WL 2488374 at *5; *see also **In re Global Experience***

---

however, indicates that Peterson could request presuit depositions for either of two distinct and separate reasons, but not both. *See* TEX. R. CIV. P. 202.1 (person may petition court for order authorizing deposition on oral examination or written questions "either: (a) to perpetuate or obtain the person's own testimony or that of any other person for use in an anticipated suit; or (b) to investigate a potential claim or suit"); *see also **Spradlin v. Jim Walter Homes, Inc.***, 34 S.W.3d 578, 581 (Tex. 2000) (use of disjunctive conjunction "or" between two phrases signifies a separation between two distinct ideas); ***Mandel v. Lewisville Indep. Sch. Dist.***, 499 S.W.3d 65, 74 (Tex. App.—Fort Worth 2016, pet. denied) (appellate courts apply rules of civil procedure in accordance with their plain language); ***In re Denton***, No. 10-08-00255-CV, 2009 WL 471524, at *1 (Tex. App.—Waco Feb. 25, 2009, orig. proceeding) (mem. op.). We will, therefore, apply the Rule's plain language to the facts of this case.

[4] Peterson appears to contend that ***Contractor's Supplies*** is inapposite to the present case because it addressed the petitioner's failure to present medical evidence. However, we specifically stated that a "trial court abuses its discretion by ordering a presuit deposition if the petitioner does not make the showing required by rule 202 … [t]he petitioner must introduce evidence that supports the findings required by rule 202." ***Contractor's Supplies***, 2009 WL 2488374, at *5.

*Specialists, Inc.*, No. 05-18-01382-CV, 2018 WL 6167838, at *1 (Tex. App.—Dallas Nov. 26, 2018, orig. proceeding) (mem. op.) (petitioner bears the burden of producing evidence to support the necessary finding); *East*, 476 S.W.3d at 68 ("law is clear that a petitioner seeking a presuit deposition must present evidence to meet its burden to establish the facts necessary to obtain the deposition"). But, in the present case, the hearing on Peterson's Rule 202 petition consists entirely of counsel's arguments, which do not constitute evidence. *See East*, 476 S.W.3d at 68.

Nor are we persuaded by Peterson's contention that her allegations do not lend themselves to the presentation of evidence, as did the medical allegations in *Contractor's Supplies*, because she seeks evidence within the City's possession and it is unclear what evidence is necessary to support her petition. It is axiomatic that a petitioner files a Rule 202 petition to obtain information in possession of the potential defendant for purposes of perpetuating testimony for use in an anticipated suit or investigating a potential claim or suit. *See* TEX. R. CIV. P. 202.1(a)-(b). Additionally, adjudication of a specific cause of action is not at issue in a Rule 202 proceeding. *See City of Dallas v. City of Corsicana,* No. 10-14-00090-CV, 2015 WL 4985935, at *5 (Tex. App.—Waco Aug. 20, 2015, pet. denied) (Rule 202 does not require a petitioner to plead a specific cause of action, but merely requires that the petitioner state the subject matter of the anticipated action, if any, and the petitioner's interest therein); *see also In re Hewlett Packard*, 212 S.W.3d 356, 363 (Tex. App.—Austin 2006, orig. proceeding) ("by its very nature, a rule 202 proceeding to investigate claims does not involve the adjudication of any claim or defense"). That a party may be in possession of evidence pertinent to the subject matter of the anticipated action or to the petitioner's potential claims does not alleviate the petitioner of her burden of providing evidence to support a Rule 202 request for presuit depositions. *See* TEX. R. CIV. P. 202.1, 202.4(a). Because Peterson failed to present evidence demonstrating either that (1) allowing her to take the requested depositions may prevent a failure or delay of justice in an anticipated suit, or (2) the likely benefit of allowing her to take the requested depositions to investigate a potential claim outweighs the burden or expense of the procedure, Respondent abused his discretion by granting Peterson's Rule 202 petition. *See Contractor's Supplies*, 2009 WL 2488374, at *5.

Second, Respondent's order granting Peterson's petition is not supported by the requisite findings. "Ultimately, the decision a petitioner makes as to which reason he requests a Rule 202 deposition affects the finding the trial court is required to make." *Denton*, 2009 WL 471524, at *2. When a petitioner requests a deposition to obtain testimony for use in an anticipated suit, the

6

trial court must find that allowing the petitioner to take the requested deposition may prevent a failure or delay of justice. *Id.* at \*2; TEX. R. CIV. P. 202.1(a), 202.4(a)(1). If a petitioner requests a deposition to investigate a potential claim, the trial court must find that the likely benefit of allowing the petitioner to take the requested deposition to investigate a potential claim outweighs the burden or expense of the procedure. *Denton*, 2009 WL 471524, at \*2; TEX. R. CIV. P. 202.1(b), 202.4(a)(2). In this case, Respondent made neither finding in his order granting Peterson's Rule 202 request.

Peterson maintains that this failure is excused because the City did not object to the absence of findings. We disagree. The Texas Supreme Court has made clear that Rule 202.4 findings cannot be implied from the record. *See Does*, 337 S.W.3d at 865. And, under the plain language of Rule 202.4, Respondent "*must* order a deposition to be taken if, *but only if*" he makes certain findings before granting relief under either subsection of Rule 202.1. *See* TEX. R. CIV. P. 202.4(a) (emphasis added); *see also Mandel v. Lewisville Indep. Sch. Dist.,* 499 S.W.3d 65, 74 (Tex. App.—Fort Worth 2016, pet. denied). Accordingly, these findings are mandatory. *See* TEX. R. CIV. P. 202.4(a); *see also* TEX. GOV'T CODE ANN. § 311.016(3) (West 2013) ("'[m]ust' creates or recognizes a condition precedent"); *Helena Chem. Co. v. Wilkins*, 47 S.W.3d 486, 493 (Tex. 2001) (the term "must" is "generally recognized as mandatory, creating a duty or obligation"); *see also Cauley*, 437 S.W.3d at 657 ("Presuit discovery under Rule 202 expressly requires that discovery be ordered 'only if' the required findings are made … we are not permitted to deem the findings implied from support in the record"); *Cognata v. Down Hole Injection, Inc.*, 375 S.W.3d 370, 381 (Tex. App.—Houston [14th Dist.] 2012, pet. denied) (Rule 202.4 findings are mandatory in most cases; citing authority that recognizes parties' ability to agree to modifications of procedures and limitations set forth in discovery rules). Because the requirements of Rule 202.4 are mandatory, the City's failure to object in the trial court does not result in waiver. *See e.g. Isgitt v. Godwin*, No. 10-15-00001-CV, 2015 WL 1755769, at \*2 n.2 (Tex. App.—Waco Apr. 16, 2015, no pet.) (mem. op.) (because Rule 683's requirement that an order granting a temporary injunction include an order setting the cause for trial on the merits is mandatory, party did not waive the right to raise the issue on appeal by failure to object in the trial court).

Peterson next contends that Rule 202.4(b) does not require actual inclusion of the findings in the order itself. *See* TEX. R. CIV. P. 202.4(b). Rule 202.4(b), entitled "contents," provides that the order (1) must state whether a deposition will be taken on oral examination or written questions,

7

(2) may state the time and place at which a deposition will be taken, and, if it does not, petitioner must notice the deposition under Rules 199 or 200, and (3) must contain any protections the court finds necessary or appropriate to protect the witness or any person who may be affected by the procedure. *Id*. Although this provision does not mention findings, it likewise does not obviate either Rule 202.4(a)'s mandatory requirement that the trial court make certain findings before granting pre-suit discovery or the Texas Supreme Court's mandate that such findings cannot be implied. Findings must be expressed. *See Global Experience Specialists*, 2018 WL 6167838, at *1; *see also Cauley*, 437 S.W.3d at 658 ("[a]n explicit finding by the trial court is required for presuit discovery"). In the present case, however, the record is devoid of any express finding either that (1) allowing Peterson to take the requested depositions may prevent a failure or delay of justice in an anticipated suit, or (2) allowing Peterson to take the requested depositions to investigate a potential claim outweighs the burden or expense of the procedure. *See* TEX. R. CIV. P. 202.4(a). The absence of express findings requires the parties, and this Court, to impermissibly imply findings in support of Respondent's order.[5] Because express findings are required under Rule 202.4(a) and cannot be implied, Respondent abused his discretion by ordering pre-suit discovery without making the required findings. *See Does*, 337 S.W.3d at 865; *see also Cauley*, 437 S.W.3d at 657.

Finally, in the interest of judicial economy, we address whether a trial court abuses its discretion by authorizing the production of documents in the context of a Rule 202 proceeding.[6] Nothing in the language of Rule 202 prohibits a petitioner from requesting that documents be produced along with the deposition. *In re Anand*, No. 01-12-01106, 2013 WL 1316436, at *3 (Tex. App.—Houston [1st Dist.] Apr. 2, 2013, orig. proceeding); *see City of Dallas v. City of Corsicana*, No. 10-14-00090-CV, 2015 WL 4985935, at *6 (documents can be requested in connection with a deposition under Rule 202). Rule 202.5 states, in pertinent part:

---

[5] The City contends that deciding the "proper forum" is not a permissible purpose of pre-suit discovery and "there is no link between Peterson's requested discovery and any permissible purpose." Rule 202.1 states the two permissible purposes for presuit depositions. *See* TEX. R. CIV. P. 202.1. The lack of findings, however, prevents this Court from determining whether Respondent granted the petition for an improper purpose.

[6] Contrary to Peterson's assertion, the City presented Respondent with authority on this contention and argued that it is improper to request documents and to order production of documents.

> Except as otherwise provided in this rule, depositions authorized by this rule are governed by the rules applicable to depositions of nonparties in a pending suit. The scope of discovery in depositions authorized by this rule is the same as if the anticipated suit or potential claim had been filed….

TEX. R. CIV. P. 202.5. Rule 199.2(b)(5) expressly allows a party noticing a deposition to include a request for production of documents or tangible things within the scope of discovery and within the witness's possession, custody, or control. TEX. R. CIV. P. 199.2(b)(5), 205.1(c) (authorizing party to compel discovery from a nonparty by court order or subpoena, including a request for production served with a deposition notice). The "language of these rules when read together permits a petition seeking a pre-suit deposition under Rule 202 to also request the production of documents." *Anand*, 2013 WL 1316436, at \*3. Accordingly, it is not an abuse of discretion to require production of documents in conjunction with Rule 202 depositions.[7] *See id.; see also City of Dallas*, 2015 WL 4985935, at \*6.

### DISPOSITION

Having determined that Respondent abused his discretion by authorizing pre-suit depositions absent supporting evidence and the requisite findings, we ***conditionally grant*** the City's petition for writ of mandamus and direct Respondent to vacate his order granting Peterson's petition to perpetuate testimony. We trust that Respondent will promptly comply with this opinion and order. The writ will issue only if Respondent fails to do so ***within ten days after the date of the opinion and order***. Respondent shall furnish this Court, within the time for compliance with this Court's opinion and order, a certified copy of his order evidencing compliance. We ***lift*** our stay of proceedings issued on October 23, 2018 to the extent necessary to allow Respondent to vacate his order granting Peterson's petition to perpetuate testimony. The stay shall remain in effect for all other purposes.

---

[7] In a more recent case, ***In re Pickrell***, the Waco Court of Appeals concluded otherwise; thus, the City contends that ***Pickrell*** overruled ***City of Dallas***. ***In re Pickrell***, No. 10-17-00091-CV, 2017 WL 1452851, at \*6 (Tex. App.—Waco Apr. 19, 2017, orig. proceeding). ***Pickrell***, however, did not mention ***City of Dallas*** and did not address Rule 202.5's applicability. *See id*. Moreover, ***Pickrell*** cited to an opinion from the Beaumont Court of Appeals, which likewise did not address the applicability of Rule 202.5. *See id.; see also **In re Akzo Nobel Chem., Inc.***, 24 S.W.3d 919, 921 (Tex. App.–Beaumont 2000, orig. proceeding) ("Neither by its language nor by implication can we construe Rule 202 to authorize a trial court, before suit is filed, to order any form of discovery but deposition"). Given the plain language of Rule 202.5, we conclude that ***Anand*** and ***City of Dallas*** set forth more sound reasoning.

**GREG NEELEY**
Justice

Opinion delivered December 21, 2018.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

## DECEMBER 21, 2018

## NO. 12-18-00285-CV

**CITY OF TATUM, TEXAS,**
Relator
V.

**HON. J. CLAY GOSSETT,**
Respondent

### ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by City of Tatum, Texas; who is the relator in Cause No. 2018-205, pending on the docket of the 4th Judicial District Court of Rusk County, Texas. Said petition for writ of mandamus having been filed herein on October 22, 2018, and the same having been duly considered, because it is the opinion of this Court that the petition for writ of mandamus be, and the same is, ***conditionally granted***. We ***lift*** our stay of proceedings issued on October 23, 2018 to the extent necessary to allow Respondent to vacate his order granting Peterson's petition to perpetuate testimony. The stay shall remain in effect for all other purposes.

And because it is further the opinion of this Court that the trial judge will act promptly and vacate his order of October 9, 2018; the writ will not issue unless the HONORABLE

11

J. CLAY GOSSETT fails to comply with this Court's order within ten (10) days from the date of this order.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*