**CONDITIONALLY GRANT, DISMISS APPEAL and Opinion Filed June 5, 2024**



**In The**

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-23-00774-CV**

**IN RE DESOTO INDEPENDENT SCHOOL DISTRICT, Relator**

**and**

**DESOTO INDEPENDENT SCHOOL DISTRICT, Appellant**

**v.**

**DAVID BARNES AND LASAUNDRA BARNES, AS NEXT FRIENDS OF JANIE DOE, A MINOR, Appellees**

**Original Proceeding and On Appeal from the 44th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-23-03760**

## MEMORANDUM OPINION

Before Justices Molberg, Pedersen, III, and Nowell
Opinion by Justice Molberg

In this consolidated interlocutory appeal and original proceeding, appellant and relator DeSoto Independent School District (DeSoto ISD) challenges the trial court's July 20, 2023 order granting, in part, the amended verified petition for pre-suit discovery filed by appellees and real parties in interest,[1] which ordered the pre-

---

[1] Appellees and real parties in interest are David Barnes and LaSaundra Barnes, as next friends of Janie Doe, a minor.

suit deposition[2] of a corporate representative of DeSoto ISD on certain topics and required DeSoto ISD to produce certain documents and tangible items responsive to a subpoena duces tecum. In this memorandum opinion,[3] because we conclude the trial court abused its discretion in entering the July 20, 2023 order and DeSoto ISD has no adequate remedy by appeal, we conditionally grant the writ of mandamus and dismiss the appeal as moot.

## I. BACKGROUND

In March 2023, appellees and real parties in interest filed a "Verified Petition for Pre-Suit Discovery of Respondent DeSoto Independent School District," alleging, in part, that their daughter's third-grade teacher, a male employee of DeSoto ISD, forced their daughter to perform oral sex on him in October 2015, and sexually assaulted her multiple times over the months that followed. DeSoto ISD filed a response that included a plea to the jurisdiction and claimed its immunity was not waived. After a hearing, the trial court denied the petition "without prejudice to the refiling" and signed an order stating the cause "will remain pending" and that appellees "may file an amended petition."

About six weeks after that order was signed, appellees filed an "Amended Verified Petition for Pre-Suit Discovery of Respondent DeSoto Independent School District." The amended petition made the same allegations regarding the teacher's

---

[2] *See* TEX. R. CIV. P. 202.

[3] *See* TEX. R. APP. P. 47.4, 52.8(d).

conduct, again requested to depose the corporate representative of DeSoto ISD on certain topics and to have DeSoto ISD produce certain documents and tangible items, and indicated appellees sought this pre-suit discovery "to determine the potential basis for claims against" and "to investigate potential claims . . . against [the teacher], DeSoto ISD, and unknown DeSoto ISD employees." DeSoto ISD again filed a response that included a plea to the jurisdiction and claimed its immunity was not waived. Appellees filed a motion to strike DeSoto ISD's response as untimely.

The appellate record contains a docket sheet that indicates the trial court heard appellees' amended verified petition for pre-suit discovery on July 20, 2023, but the appellate record contains no hearing transcript. No evidence was presented in the hearing, according to the affidavit of counsel that accompanies the petition for mandamus filed by DeSoto ISD. *See* TEX. R. APP. P. 52.7(a)(2).[4]

On July 20, 2023, the trial court signed the order at issue. The order granted in part and denied in part appellees and real parties in interest's amended verified petition, ordered the pre-suit deposition of a corporate representative of DeSoto ISD on twenty-seven topics, required DeSoto ISD to produce ten categories of documents and tangible items responsive to a subpoena duces tecum. The order also included two findings, specifically, that allowing appellees and real parties in interest (1) to

---

[4] DeSoto ISD's counsel's affidavit states, "No testimony was adduced in connection with this matter in the trial court, and the Real Parties in Interest did not offer any exhibits in any hearing in the trial court regarding the order that is the subject of this mandamus proceeding." *See* TEX. R. APP. P. 52.7(a)(2).

take the oral and videotaped deposition of DeSoto ISD corporate representative on the topics included in Exhibit A attached to the order and (2) to submit the subpoena duces tecum attached as Exhibit A to the order "outweighs the burden or expense of the procedure."

DeSoto ISD appealed that order on August 2, 2023. By order dated September 6, 2023, after noting DeSoto ISD had not requested a reporter's record, we ordered the cause submitted without one.

After submission, because it appeared clear that appellees and real parties in interest's rule 202 petition sought a pre-suit deposition from DeSoto ISD as a potential defendant, we expressed a concern regarding our jurisdiction to hear the interlocutory appeal.[5] On April 9, 2024, we requested by a particular date a letter brief from DeSoto ISD regarding our jurisdiction, and we provided a deadline by which appellees and real parties in interest could submit a response, if any. DeSoto ISD timely submitted a letter brief in response, arguing that we have jurisdiction to hear the appeal and expressing an intent, in any event, to file a petition for writ of mandamus. Real parties in interest filed no response regarding our jurisdiction.

---

[5] *See In re Jorden*, 249 S.W.3d 416, 419 (Tex. 2008) (orig. proceeding) ("Presuit deposition orders are appealable only if sought from someone against whom suit is not anticipated; when sought from an anticipated defendant . . . , such orders have been considered ancillary to the subsequent suit, and thus neither final nor appealable."); *see also In re City of Dallas*, No. 05-18-00289-CV, 2018 WL 5306925, at *3 (Tex. App.—Dallas, Oct. 26, 2018, orig. proceeding) (mem. op.) (in consolidated appeal and original proceeding brought by a governmental entity and potential defendant in a rule 202 proceeding, this Court concluded the appropriate remedy for an improper rule 202 order is a petition for a writ of mandamus, not an interlocutory appeal).

Soon after filing its letter brief, DeSoto ISD filed a petition for writ of mandamus, followed by an unopposed motion to consolidate the appeal with the mandamus proceeding. We consolidated the mandamus proceeding into this proceeding and ordered real parties in interest and respondent to file a response to the petition for mandamus, if any, by a particular deadline.[6] Neither filed a response.

## II. DISCUSSION

We first consider DeSoto ISD's petition for writ of mandamus regarding the trial court's June 20, 2023 order.

### A. Standards Regarding Mandamus and Rule 202

To be entitled to mandamus relief, a relator must show: (1) the trial court has clearly abused its discretion; and (2) there is no adequate remedy by appeal. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding).

A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable it amounts to a clear and prejudicial error of law or if it clearly fails to correctly analyze or apply the law. *Id*.; *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). A trial court has no discretion in determining what the law is or in applying the law to the facts and abuses its discretion when its

---

[6] *See* TEX. R. APP. P. 52.8(b)(1) ("If the court is of the tentative opinion that relator is entitled to the relief sought or that a serious question concerning the relief requires further consideration . . . the court must request a response if one has not been filed. . . .").

decision is arbitrary and capricious. *See In re Prudential*, 148 S.W.3d at 135; *Walker*, 827 S.W.2d at 840.

"It is an abuse of discretion for a trial court to order a rule 202 deposition when the party seeking the deposition fails to provide any evidence to meet the burden of establishing the facts necessary to support ordering a rule 202 deposition." *In re City of Dallas*, 2018 WL 5306925, at *4 (citations omitted).

A relator has no adequate remedy by appeal from a trial court's order granting a rule 202 deposition because his only opportunity to appeal the trial court's order would be after the deposition occurred. *Id*. (citations omitted).

### B.    DeSoto ISD's Arguments and Application of Law to Facts

In its petition for writ of mandamus, DeSoto ISD argues, in part, that the trial court's July 20, 2023 order constituted an abuse of discretion because there is no evidence to support it and that mandamus relief is its only remedy. DeSoto ISD makes two other arguments as well, but in light of our conclusion below, we need not reach them.[7]

---

[7] In light of our conclusions herein, we need not reach DeSoto ISD's arguments that the trial court abused its discretion in entering the July 20, 2023 order because (1) rule 202 does not authorize a trial court to order production of documents, and (2) the amended rule 202 petition filed by appellees and real parties in interest failed to allege any potential claims over which the trial court would have jurisdiction. *See* TEX. R. APP. P. 47.1 (stating we "must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal"); 52.8(d) (stating that, when granting relief in an original proceeding, we "must hand down an opinion as in any other case" and stating, with an exception not applicable here, "Rule 47 is applicable to an order or opinion by a court of appeals."). However, although we do not decide those issues here, we do note we have previously rejected an argument similar to the first of the two arguments previously listed in this paragraph. *See In re Perrilloux*, No. 05-19-01584-CV, 2020 WL 2092483, at *4 (Tex. App.—Dallas May 1, 2020, orig. proceeding) (mem. op.) ("[T]he plain language of the rules permits a petition seeking a pre-suit deposition under Rule 202 to request

A trial court cannot grant a rule 202 petition without making the findings required by Rule 202.4. *Patton Boggs LLP v. Moseley*, 394 S.W.3d 565, 571 (Tex. App.—Dallas 2011, orig. proceeding); *see also In re Campo*, No. 05-13-00477-CV, 2013 WL 3929251, at *1 (Tex. App.—Dallas July 26, 2013, orig. proceeding) (mem. op.). As the rule 202 petitioners, appellees and real parties in interest had the burden to both plead and prove that they were entitled to a pre-suit deposition. TEX. R. CIV. P. 202.1(b), 202.4(a)(2). This required the presentation of evidence, not simply reliance on a verified petition and argument. *See In re Noriega*, No. 05-14-00307-CV, 2014 WL 1415109, at *2 (Tex. App.—Dallas Mar. 28, 2014, orig. proceeding) (mem. op.); *see also Laidlaw Waste Sys. (Dallas), Inc. v. City of Wilmer*, 904 S.W.2d 656, 660 (Tex. 1995) ("Generally, pleadings are not competent evidence, even if sworn or verified."). In *Noriega*, we stated,

> It is an abuse of discretion for a trial court to find that the likely benefit of a Rule 202 deposition outweighs the burden of the deposition when the party seeking the deposition fails to provide any evidence on which the court could have based such a finding. *In re Campo*, No. 05-13-00477-CV, 2013 WL 3929251, at *1 (Tex. App.—Dallas July 26, 2013, orig. proceeding) (mem. op.) (mandamus conditionally granted where no evidence was presented to the trial court at the hearing on the motion and party seeking Rule 202 deposition did not formally offer or admit its verified pleading at the hearing). The trial court did just this and in so doing abused its discretion.

2014 WL 1415109, at *3.

---

the production of documents as well.") (first citing TEX. R. CIV. P. 205.1(c); then citing *In re City of Tatum*, 567 S.W.3d 800, 808 (Tex. App.—Tyler 2018, orig. proceeding)). We also stated, "Of course, the requesting party and the trial court should be mindful of the burden requests for production impose on non-parties and carefully balance the burdens of discovery in view of the non-party status." *Id*.

The same is true here. As a result, we conclude the trial court abused its discretion in finding that the likely benefit of the deposition of DeSoto ISD's corporate representative outweighs the burden or expense of the procedure because, according to the record before us, appellees and real parties in interest failed to provide any evidence on which the trial court could have based such a finding. *Id*.

We also conclude DeSoto ISD has no adequate remedy by appeal. *See In re City of Dallas*, 2018 WL 5306925, at *4 ("A relator has no adequate remedy by appeal from a trial court's order granting a rule 202 deposition because his only opportunity to appeal the trial court's order would be after the deposition occurred.").

Thus, because DeSoto ISD has satisfied both standards for mandamus relief, we conditionally grant DeSoto ISD's petition for writ of mandamus and direct the trial court to vacate its July 20, 2023 Order Regarding Pre-Suit Discovery and to file with this Court, within thirty (30) days, a copy of its order issued in compliance with this order. A writ will issue only in the event the trial court fails to comply.

In light of our ruling, we dismiss DeSoto ISD's appeal as moot. *See id.*, at *6 (concluding appeal need not be considered under similar circumstances); *Tandem Energy Corp. v. State ex rel. Dept. of Transp.*, No. 14-03-00815-CV, 2003 WL 22349032, at *1 (Tex. App.—Houston [14th Dist.] Oct. 16, 2003, no pet.) (mem. op.) (per curiam) (appeal challenging order granting rule 202 petition was moot

–8–

because appellate court ruled on merits of petition for writ of mandamus concerning same order).

### III. CONCLUSION

We conditionally grant DeSoto ISD's petition for writ of mandamus and dismiss its appeal as moot. A writ will issue only in the event the trial court fails to vacate its July 20, 2023 Order Regarding Pre-Suit Discovery and to file with this Court, within thirty (30) days, a copy of its order issued in compliance with our ruling.

230774F.P05

/Ken Molberg/
KEN MOLBERG
JUSTICE



# Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

IN RE DESOTO INDEPENDENT
SCHOOL DISTRICT, Relator

and

DESOTO INDEPENDENT
SCHOOL DISTRICT, Appellant

No. 05-23-00774-CV

v.

DAVID BARNES AND
LASAUNDRA BARNES, AS NEXT
FRIENDS OF JANIE DOE, A
MINOR, Appellees

On Appeal from the 44th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-23-03760.
Opinion delivered by Justice
Molberg. Justices Pedersen, III and
Nowell participating.

In accordance with this Court's opinion of this date, the appeal from the trial court's July 20, 2023 Order Regarding Pre-Suit Discovery is **DISMISSED**.

It is **ORDERED** that appellant DeSoto Independent School District recover its costs of this appeal from appellees David Barnes and LaSaundra Barnes, as next friend of Janie Doe, a minor.

Judgment entered this 5th day of June 2024.