

# NUMBER 13-25-00438-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE VALLEY TELEPHONE COOPERATIVE, INC.

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

**Before Justices Silva, Peña, and West**
**Memorandum Opinion by Justice Silva[1]**

By petition for writ of mandamus, relator Valley Telephone Cooperative, Inc.

(Valley) asserts that the trial court[2] abused its discretion by authorizing the presuit

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

[2] This original proceeding arises from trial court cause number 2025-CV-0089-A in the 197th District Court of Willacy County, Texas, and the respondent is a visiting judge, the Honorable Robert Garza. *See id.* R. 52.2.

deposition of Valley's chief operating officer, Orlando Quintanilla. *See* Tᴇx. R. Cɪv. P. 202. We conditionally grant the petition for writ of mandamus.

## I.  Bᴀᴄᴋɢʀᴏᴜɴᴅ

Real party in interest Joey Nieto, Valley's former employee, filed a verified petition under Texas Rule of Civil Procedure 202 seeking to take Quintanilla's deposition "to investigate his potential claim or suit" against Valley "and/or" Quintanilla. *See id.* Nieto's Rule 202 petition explained that Valley terminated Nieto's employment after Nieto took leave under the Family and Medical Leave Act (FMLA), and Nieto sought to investigate whether Quintanilla's actions constituted retaliation and interference with his rights under that act. Nieto alleged that he had been employed by Valley for approximately seven years when he took FMLA leave from June 17, 2024, to September 30, 2024. Valley terminated Nieto's employment on January 17, 2025. Nieto alleged that he had not been subject to any employment-related discipline or reprimands, and his performance evaluations indicated that he met or exceeded his work-related expectations. Nieto alleged that allowing him to take Quintanilla's presuit deposition to investigate his potential claims outweighed the burden or expense of the procedure. Valley filed a response in opposition to Nieto's petition asserting that Nieto had not met the specific pleading and evidentiary requirements to obtain a presuit deposition and a presuit deposition was "not necessary . . . to investigate a potential FMLA claim."

On July 22, 2025, the trial court held a non-evidentiary hearing on Nieto's petition and orally granted the petition during the hearing. Thereafter, on July 31, 2025, the trial court signed an order granting Nieto's Rule 202 petition. The trial court's order fails to

contain any findings or conclusions and merely allows Nieto to conduct Quintanilla's deposition within forty-five days from July 22, 2025.

In response, Valley filed this petition for writ of mandamus asserting by two issues that: (1) the trial court abused its discretion by granting Nieto's Rule 202 petition; and (2) Valley lacks an adequate remedy by appeal to address this error. Valley further filed a motion for temporary relief to stay the deposition pending the Court's consideration of its petition for writ of mandamus. *See* TEX. R. APP. P. 52.10. The Court granted Valley's motion, stayed the deposition, and requested Nieto to file a response to the petition for writ of mandamus. *See id.* R. 52.4, 52.8, 52.10. The Court has received and reviewed Nieto's response. Nieto alleges that his Rule 202 petition was sufficient for him to obtain relief under the "fair notice" pleading standard, and that Valley failed to preserve error regarding its objections to the deposition because, *inter alia*, Valley failed to file special exceptions and failed to inform the trial court of the need for evidence. Valley has further filed a reply in support of its request for mandamus relief. *See id.* R. 52.5.

## II.  STANDARD OF REVIEW

A writ of mandamus is an extraordinary remedy available only when the trial court clearly abused its discretion and the party seeking relief lacks an adequate remedy on appeal. *In re Ill. Nat'l Ins.*, 685 S.W.3d 826, 834 (Tex. 2024) (orig. proceeding). "The relator bears the burden of proving these two requirements." *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam); *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding).

There is no right to appeal from an order allowing a presuit deposition, thus mandamus may be used to challenge such an order. *See In re Wolfe*, 341 S.W.3d 932,

3

933 (Tex. 2011) (orig. proceeding) (per curiam); *In re Jorden*, 249 S.W.3d 416, 420 (Tex. 2008) (orig. proceeding); *In re City of Tatum*, 567 S.W.3d 800, 804 (Tex. App.—Tyler 2018, orig. proceeding); *In re East*, 476 S.W.3d 61, 64 (Tex. App.—Corpus Christi–Edinburg 2014, orig. proceeding). In short, a deposition "cannot be untaken." *In re Millwork*, 631 S.W.3d 706, 715 (Tex. 2021) (orig. proceeding) (per curiam); *see In re Jorden*, 249 S.W.3d at 419; *Rodriguez v. Cantu*, 581 S.W.3d 859, 866 (Tex. App.—Corpus Christi–Edinburg 2019, no pet.) (combined app. & orig. proceeding).

### III.     RULE 202 DEPOSITIONS

Texas Rule of Civil Procedure 202 allows a party to "petition the court for an order authorizing the taking of a deposition" before suit is filed in two circumstances: "(a) to perpetuate or obtain the person's own testimony or that of any other person for use in an anticipated suit; or (b) to investigate a potential claim or suit." TEX. R. CIV. P. 202.1; *see In re East*, 476 S.W.3d at 65. Rule 202.2 governs the form and requirements for such a petition. *See* TEX. R. CIV. P. 202.2; *In re Reassure Am. Life Ins.*, 421 S.W.3d 165, 171–74 (Tex. App.—Corpus Christi–Edinburg 2013, orig. proceeding).

The trial court "must order a deposition to be taken if, but only if," it finds either that "allowing the petitioner to take the requested deposition may prevent a failure or delay of justice in an anticipated suit" or that "the likely benefit of allowing the petitioner to take the requested deposition to investigate a potential claim outweighs the burden or expense of the procedure." TEX. R. CIV. P. 202.4(a); *see In re Jorden*, 249 S.W.3d at 423. In either event, such a finding is required, or mandatory, and may not be implied from the record. *Id.*; *see In re Does*, 337 S.W.3d 862, 865 (Tex. 2011) (orig. proceeding) (per curiam); *Rodriguez*, 581 S.W.3d at 867; *In re City of Tatum*, 567 S.W.3d at 807. The petitioner has

4

the burden to present the trial court with a "basis" for this finding. *In re Does*, 337 S.W.3d at 865; *see Gordon Indep. Sch. Dist. v. Hinkson*, 661 S.W.3d 922, 928 (Tex. App.— Eastland 2023, no pet.). "The law is clear that a petitioner seeking a presuit deposition must present evidence to meet its burden to establish the facts necessary to obtain the deposition." *In re East*, 476 S.W.3d at 68.

"Rule 202 depositions are not now and never have been intended for routine use." *In re Jorden*, 249 S.W.3d at 423; *see Gordon Indep. Sch. Dist.*, 661 S.W.3d at 929; *Rodriguez*, 581 S.W.3d at 868. Seeking discovery from a deponent before a lawsuit has been filed presents both practical and due process problems. *See In re Jorden*, 249 S.W.3d at 423; *In re City of Tatum*, 567 S.W.3d at 804; *In re Elliott*, 504 S.W.3d 455, 460 (Tex. App.—Austin 2016, orig. proceeding). Therefore, "[c]ourts must strictly limit and carefully supervise [presuit] discovery to prevent abuse" of Rule 202. *In re Wolfe*, 341 S.W.3d at 933; *see Gordon Indep. Sch. Dist.*, 661 S.W.3d at 929; *see also In re Hernandez*, No. 13-21-00244-CV, 2022 WL 627232, at *9 (Tex. App.—Corpus Christi– Edinburg Mar. 3, 2022, orig. proceeding) (mem. op.).

## IV.    ANALYSIS

Valley presents several arguments in support of its contention that the trial court abused its discretion by granting Nieto's Rule 202 petition. In this original proceeding, we focus on Valley's argument that the trial court erred because Nieto failed to provide any evidence in support of his Rule 202 petition. Nieto alleges, in contrast, that Valley failed to preserve error regarding the trial court's decision.

Nieto had the burden of showing that the likely benefit of allowing him to take the deposition to investigate a potential claim outweighs the burden or expense of the

procedure. *See* TEX. R. CIV. P. 202.4(a)(2); *In re Does*, 337 S.W.3d at 865. Nieto failed to meet this burden because he offered and introduced no evidence in support of his request for a presuit deposition. *See DeAngelis v. Protective Parents Coal.*, 556 S.W.3d 836, 855–56 (Tex. App.—Fort Worth 2018, no pet.) ("A petitioner seeking [presuit] discovery under Rule 202 must present evidence to meet its burden to establish the facts necessary to obtain such discovery."); *In re East*, 476 S.W.3d at 68 ("The law is clear that a petitioner seeking a presuit deposition must present evidence to meet its burden to establish the facts necessary to obtain the deposition."); *see also In re Paloma Creek Homeowners Ass'n*, No. 02-24-00523-CV, 2025 WL 52129, at *3 (Tex. App.—Fort Worth Jan. 9, 2025, orig. proceeding) (mem. op.) (stating that a Rule 202 petitioner must present evidence to obtain a presuit deposition); *In re Guillory*, No. 13-23-00410-CV, 2024 WL 2066830, at *5 (Tex. App.—Corpus Christi–Edinburg May 8, 2024, orig. proceeding) (mem. op.) (same).

Nieto asserts that Valley failed to preserve error on evidentiary grounds because it "failed to sufficiently inform the Court of the need for evidence" and "failed to inform the trial court what precise evidence was necessary and what evidence was not presented." We note that the record indicates that Valley's counsel expressly informed the trial court at the hearing on Nieto's Rule 202 petition that "some evidence is needed" to obtain a Rule 202 petition and that Nieto "has not provided any evidence." Leaving this aside, Nieto's arguments miss the mark because they misplace the burden of proof in a Rule 202 proceeding. Nieto bore the burden of proof to obtain the deposition; it was not Valley's burden to avoid the deposition. *See* TEX. R. CIV. P. 202.4(a)(2); *In re Does*, 337 S.W.3d at 865.

We conclude that the trial court abused its discretion by granting Nieto's Rule 202 petition because Nieto failed to produce evidence in support of his petition. *See DeAngelis*, 556 S.W.3d at 855–56; *In re East*, 476 S.W.3d at 68; *see also In re Paloma Creek Homeowners Ass'n*, 2025 WL 52129, at *3; *In re Guillory*, 2024 WL 2066830, at *5. We further conclude that Valley lacks an adequate remedy by appeal to address this error. *See In re Wolfe*, 341 S.W.3d at 933. Accordingly, we sustain both issues that Valley presents in this original proceeding.

## V.    CONCLUSION

The Court, having examined and fully considered Valley's petition for writ of mandamus, Nieto's response, Valley's reply, and the applicable law, is of the opinion that Valley has met its burden to obtain mandamus relief. Accordingly, we lift the stay previously imposed in this case. *See* TEX. R. APP. P. 52.10. We conditionally grant the petition for writ of mandamus, and we direct the trial court to promptly vacate its July 31, 2025 order granting Nieto's Rule 202 petition. Our writ will issue only if the trial court fails to comply.

CLARISSA SILVA
Justice

Delivered and filed on the
24th day of October, 2025.

7