COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| FRANCISCO RODRIGUEZ, | § | No. 08-24-00123-CV |
| Appellant, | § | Appeal from the |
| v. | § | 388th District Court |
| ROSA MARIA RODRIGUEZ, | § | of El Paso County, Texas |
| Appellee. | § | (TC# 2019DCM5236) |
| | § | |

## MEMORANDUM OPINION

In this divorce case, Appellant Francisco Rodriguez asserts the district court erred by failing to acknowledge his lack of mental competency and agreeing with the associate judge's recommendations. We affirm the district court's judgment for the following reasons.

## I. BACKGROUND

### A. Associate court proceedings

Francisco[1] filed for divorce in 2019. In October 2022, the associate court began an evidentiary hearing, heard Rosa Maria's testimony, then granted a continuance for additional discovery.

---

[1] Because the parties share the same last name, we refer to them by their first names. In doing so, we intend no disrespect.

In March 2023, Francisco's own counsel requested that he be ordered to undergo a mental examination. The request was granted and Francisco was evaluated by a psychiatrist, who provided a written report.[2]

In September 2023, Francisco's mental competence was the sole topic of a judge's conference where the court and the parties discussed the results of the psychiatric evaluation and how a guardianship might be initiated. At that time, the judge advised the parties "[t]he [c]ourt's not going to try to resolve this issue," and, addressing Francisco's counsel, stated "this is ultimately your client—your issue at some point." The judge also stated that "[b]ack in . . . in March of this year this was brought to the [c]ourt's attention. We're now in September so I think at some point the parties have to figure out what they want to do here. It's been six months." At the end of the hearing, the judge suggested, "[w]hy don't we do two weeks and then you guys decide what you want to do with the case, but we're going to have to move on it."

Three months later, in December 2023, the associate court called the case for "continuation of a final divorce hearing." The court began the hearing by directing Francisco's counsel to present his case on the merits, stating, "I'll let you go first then, whatever you want to do." In response, Francisco's counsel said, "we're done," explaining that Rosa Maria had already testified, and Francisco was not going to testify:

> Judge, we already took testimony from Ms. Rodriguez, and we concluded testimony. I think [Ms. Rodriguez's counsel] also completed cross-examination, I'm not sure. And we were going to do testimony of Mr. Rodriguez, and that's when we presented with the [c]ourt the opinion or my concerns and then the opinion of

---

[2] The report was not introduced in evidence. While a purported copy is attached to Francisco's appellate brief, that is not sufficient to make the report part of the appellate record and thus we cannot consider it. *Hogg v. Lynch, Chappell & Alsup, P.C.*, 480 S.W.3d 767, 773 (Tex. App.—El Paso 2015, no pet.) ("Documents attached to a brief . . . but not appearing in the appellate record, cannot be considered on appellate review."); *Fibela v. Wood*, 657 S.W.3d 664, 672 (Tex. App.—El Paso 2022, no pet.) (explaining that the appellate record consists of the clerk's record and, if necessary, the reporter's record, and that attaching "additional documents as exhibits or appendices to briefs is not formal inclusion in the record on appeal and, therefore, the documents cannot be considered") (citing Tex. R. App. P. 34.1; *Barton v. Barton*, 584 S.W.3d 147, 152–53 (Tex. App.—El Paso 2018, no pet.)).

the psychiatrist. I can't put Mr. Rodriguez to testify, so we're done.

The court explained that, in its view, the psychiatric evaluation was not "the equivalent of a finding of incompetency," and "the probate court is the only court that can make the formal determination of competency." Thereafter, the following colloquy between the court and Francisco's counsel ensued:

| | |
|---|---|
| Court: | So the Court is going to proceed forward. |
| Counsel: | Okay, Your Honor. I mean, I'm not going to call my client to testify, so — |
| Court: | Okay. |
| Counsel: | —we'll let the Court decide. |
| Court: | All right. So do you have anything you want to—any other witnesses that you want to present? |
| Counsel: | No, Your Honor. |

After Rosa Maria put on her case, the court instructed the parties, "All right. Get your proposed relief in the next ten days." In response, Francisco submitted "Petitioner's Position Statement," which listed various items of property he wished to keep and various items he wished Rosa Maria to keep, prefaced by: "At this moment in time, I do not believe my client, Francisco Rodriguez, is competent to express his wishes. However, during prior conversations, prior to his psychiatric evaluation, my client he has expressed that his wished the following." The statement was signed by Francisco's counsel "approved as to form only."

The court subsequently issued findings of fact, conclusions of law, and recommendations. In addition to addressing the grounds for divorce and division of community property and debts, the court included findings and conclusions regarding Francisco's mental competency. Its findings included that (1) "[n]o evidence was presented . . . that a judicial finding has ever been made that [Francisco] is mentally incompetent"; (2) "[Francisco]'s trial counsel did not file a motion in writing or orally request that the Associate Court make a judicial finding that [he] is mentally incompetent"; and (3) "[c]redible evidence was presented at the final hearing that [Francisco] has

3

recently made motor vehicle purchases on his own without the assistance of a guardian and that he can conduct his affairs without the need of a guardian or assistance."

The court's corresponding conclusions of law included that (1) "[b]ecause [Francisco] has failed to present any evidence to rebut the presumption that he is mentally competent[3] . . ., the Associate Court concludes . . . that [he] is mentally competent"; and (2) [Francisco] "waived the issue of [his] mental incompetency" by (a) "failing to request (either orally or in writing) that the Associate Court make a judicial finding that [he] is mentally incompetent," (b) "not taking steps to initiate a guardianship proceeding to obtain a judicial finding that [he] is mentally incompetent during the 9 month period after counsel first raised the issue," and (c) "submitting 'Petitioner's Position Statement,' in which he sets forth his wishes of how the marital property and debts of the marriage should be divided."

## B. District court proceedings

Francisco filed a request for de novo final hearing in the referring district court, specifically requesting a jury trial. The district court held a hearing on the request. At the hearing, Francisco's counsel gave the following reasons for requesting a jury trial: (1) "my client didn't testify" at the associate court final hearing; (2) "there are some fact issues regarding separate property and things like that"; (3) "I don't . . . have a client that fully understands . . . . [s]o a lot of these issues are to protect his rights"; and (4) "the [Associate] Court was trying to determine how we can get [Francisco] a guardianship . . . . then in the final hearing said, [y]ou have not—you have not proven that your client is not competent." At the hearing, Francisco's counsel conceded that "the presumption of competence was not rebutted" at the final hearing in the associate court and stated

---

[3] *See Mendez v. Delgado*, No. 04-18-00454-CV, 2019 WL 3208829, at *3 (Tex. App.—San Antonio July 17, 2019, no pet.) (mem. op.) ("Under [Texas] Rule [of Evidence] 601(a), every person is presumed competent to testify."); Tex. Health & Safety Code Ann. § 576.002(b) ("There is a rebuttable presumption that a person is mentally competent unless a judicial finding to the contrary is made under the Estates Code.").

that a jury trial "might not be a right, but it is discretionary."

Following the hearing, the district court issued a written "Ruling after De Novo Hearing" denying Francisco's request for a jury trial, concluding "no error or mistake ha[d] been made by the Associate Court in its finding of facts, conclusion[s] of law, or in its recommended rendition of judgment," and adopting such rendition "without change or clarification."

Francisco appealed these rulings. His appeal became effective after the district court signed the final divorce decree. *See* Tex. R. App. P. 27.1(a) (stating that a premature appeal becomes effective "on the day of, but after" signing of final order).

## II. Issues on Appeal

Francisco raises one issue in multiple parts, asserting the district court erred by failing to acknowledge his lack of mental competency and by agreeing with the associate judge's recommendations.

## III. Discussion

In summarizing his argument, he reformulates these issues, attributing separate errors to the associate court and the district court, contending (1) the associate court abused its discretion by "determining that [his] counsel waived his mental competency issue," "proceeding to final hearing," and "failing to appoint a [g]uardian [a]d [l]item," and (2) the district court abused its discretion by "denying [his] motion for de novo hearing."

### A. Standard of review

We review error regarding a determination of waiver under an abuse-of-direction standard. *See, e.g.*, *Matter of Marriage of Harrison*, 557 S.W.3d 99, 135 (Tex. App.—Houston [14th Dist.] 2018, pet. denied) (reviewing determination of whether party waived right to jury trial under abuse of discretion standard); *Bundy v. Houston*, No. 01-17-00863-CV, 2018 WL 6053602, at *4

5

(Tex. App.—Houston [1st Dist.] Nov. 20, 2018, no pet.) (mem. op.) ("We review a trial court's determination of whether a party has waived an objection to venue under an abuse of discretion standard.").

Similarly, we review error pertaining to a denial of a motion for de novo hearing for an abuse of discretion. *Guerrero v. A.C.G.*, No. 08-22-00042-CV, 2023 WL 2589697, at *2 (Tex. App.—El Paso Mar. 21, 2023, no pet.) (mem. op.) ("We review a trial court's decision to grant or deny a de novo hearing for an abuse of discretion.").

A court abuses its discretion when it "reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Raoger Corp. v. Myers*, 711 S.W.3d 206, 215 (Tex. 2025).

We address each of Francisco's subissues in turn.

### B. Mental competency

Mr. Rodriguez contends the associate court erred by determining that he "waived his mental competency issue by adopting a position statement."

The associate court concluded Francisco waived his mental competency issue in three ways: (1) by "failing to request . . . that the Associate Court make a judicial finding that [he] is mentally incompetent"; (2) by "not taking steps to initiate a guardianship proceeding to obtain a judicial finding that [he] is mentally incompetent during the 9 month period after counsel first raised the issue"; and (3) by "submitting '[his] Position Statement,' in which he sets forth his wishes of how the marital property and debts of the marriage should be divided."

Francisco does not dispute that he requested no finding of incompetence and initiated no guardianship proceeding. Further, regarding the effect of his position statement, while the statement reiterated his counsel's belief that he is not mentally competent, it sought no related

6

relief, asserted no objection to the case being decided on the merits, and instead outlined Francisco's prior-expressed wishes as to how the parties' community property should be divided. Francisco identifies no reason why such information would have been conveyed to the court if not to assist it in dividing the parties' property.[4] Moreover, as discussed below, at no point during or after the final hearing in the associate court did Francisco object, ask for a continuance, or request any other relief relating to his alleged mental incompetence.

Accordingly, we conclude Francisco has not shown that the associate court abused its discretion by determining he waived the issue of his mental competence.

### C. Proceeding to final hearing

Francisco next contends the associate court abused its discretion by "proceeding to final hearing." More specifically, he asserts that at an earlier hearing, the court had indicated it "will resolve the competency and/or guardianship issue," but "[i]nstead of resolving [it], the Court had a final hearing in which neither party called [him] to testify."

However, at the earlier hearing in question, i.e., the judge's conference in September 2023, the court did not indicate it "will resolve" the competency issue, but rather it was "*not* going to try to resolve this issue" (emphasis added). The court advised Francisco's counsel "this is ultimately your client—your issue at some point." The court also advised the parties that "[b]ack in . . . in March of this year this was brought to the Court's attention. We're now in September so I think at some point the parties have to figure out what they want to do here. It's been six months."

---

[4] While Francisco points out that his position statement was "approved as to form only" by his counsel, this notation generally "indicates that [an] order accurately sets forth [a] trial court's ruling," *in re Cauley*, 437 S.W.3d 650, 658 (Tex. App.—Tyler 2014, no pet.), but "d[oes] not indicate agreement with the substance of the order," *Williams v. John DeLoach Enterprises, Inc.*, No. 04-24-00299-CV, 2024 WL 4831915, at *2 n. 2 (Tex. App.—San Antonio Nov. 20, 2024, no pet.) (mem. op.). Here, no contested order was involved. In any event, his counsel's signing "approved as to form only" on his position statement did not convey to the court any objection Francisco may have had to anything that happened at the final hearing or to the granting of relief based on the hearing.

In addition, when the court instructed Francisco's counsel to present his case at the final hearing, counsel informed the court "we're done" and "we'll let the court decide," and expressly declined to present any witnesses or other evidence. At no point during or after the hearing did Francisco object, ask for a continuance, or request any other relief relating to his alleged mental incompetence. And while Francisco correctly notes his counsel had "informed the [c]ourt on numerous occasions over [her] concerns of [his] mental capacity" and shared with the court the psychiatric evaluation performed (via email), he cites no authority that the taking of such steps precluded the case from moving forward. Notably, Francisco neither offered the psychiatric evaluation in evidence at any point, nor challenges the associate court's finding that "[c]redible evidence was presented at the final hearing that [Francisco] has recently made motor vehicle purchases on his own without the assistance of a guardian and that he can conduct his affairs without the need of a guardian or assistance."

Accordingly, we conclude Francisco has not shown that the associate court abused its discretion by proceeding to a final hearing.

### D. Guardian ad litem

Francisco maintains next that "[b]oth the Associate Judge and [District] Judge abused their discretion in failing to appoint a Guardian Ad Litem on their own motion pursuant to Tex. R. Civ. P. 173.3." However, the limited role of a guardian ad litem appointed under Rule 173 is to "determine and advise the court whether a party's next friend or guardian has an interest adverse to the party." Tex. R. Civ. P. 173.4(b).[5] Because no guardian or next friend is involved here, Rule

---

[5] Comments 3 and 4 to Rule 173 bolster the point that the role of a guardian ad litem appointed under this rule never exceeds "determining whether a party's next friend or guardian has an interest adverse to the party":

> 3. The rule contemplates that a guardian ad litem will be appointed when a party's next friend or guardian appears to have an interest adverse to the party because of the division of settlement proceeds . . . .

> 4. Only in extraordinary circumstances does the rule contemplate that a guardian ad litem will have

173 is inapplicable. Francisco identifies no other authority under which he contends either court below had the duty or discretion to appoint a guardian ad litem or any other person to protect Francisco's interests in light of his alleged mental incompetence.

Accordingly, we conclude Francisco has not shown that the courts below abused their discretion by failing to appoint a guardian ad litem.

### E. Denial of motion for de novo hearing

Finally, Francisco argues the district court abused its discretion in denying his request for jury trial by "basing [its] decision on incorrect facts from the final hearing and recommendations of the Associate Judge, primarily that [Francisco]'s counsel failed to file pleadings and raise the issue of [his] mental capacity in a timely manner." Francisco maintains he timely "file[d] pleadings" and "raise[d] the issue of [his] mental capacity" because his counsel filed a motion for mental examination, shared the resulting psychiatric evaluation with opposing counsel and the court, and discussed the incompetency concerns with the court.

However, the associate court did not find that Francisco's counsel failed to do any of these things. Rather, the associate court found that while Francisco's counsel "expressed a belief . . . during pretrial hearings . . . [he] may be mentally incompetent," counsel "did not file any pleadings with the Statutory Probate Courts . . . or take[] any affirmative action . . . to obtain a judicial finding [he] is mentally incompetent." Francisco points to nothing in the record to contest this finding.

Further, the record reflects that Francisco's counsel told the associate court "I just honestly don't know if it's my place to get [Francisco] a guardianship. . . . I'm just trying to get him divorced

---

a broader role. Even then, the role is limited to determining whether a party's next friend or guardian has an interest adverse to the party that should be considered by the court under Rule 44 [i.e., in next-friend cases]. In no event may a guardian ad litem supervise or supplant the next friend or undertake to represent the party while serving as guardian ad litem.

Tex. R. Civ. P. 173 cmts. 3, 4.

and, you know, these issues are outside of what my scope is," and told the district court "I tried to reach out to LULAC [to refer Francisco for a guardianship], and—but at one point, it was not—it's not kind of what I was hired to do. . . . That was a little bit outside the scope of [] what I was retained to do."

However, such a limitation in the scope of counsel's representation neither shifted responsibility for representing Francisco nor gave rise to error on the part of the courts below, particularly given the associate court's uncontested finding that evidence of Francisco's competency was presented. Namely, "[c]redible evidence was presented . . . that [Francisco] has recently made motor vehicle purchases on his own without the assistance of a guardian and that he can conduct his affairs without the need of a guardian or assistance." And Francisco conceded at the district court hearing that the presumption of competency was not rebutted. *See Mendez*, 2019 WL 3208829, at *3; Tex. Health & Safety Code Ann. § 576.002(b).

Accordingly, we conclude Francisco has not shown that the district court abused its discretion by denying his request for a de novo hearing with a jury.

## IV. CONCLUSION

All portions of Francisco's sole issue on appeal are overruled. We affirm the district court's judgment.

LISA J. SOTO, Justice

August 25, 2025

Before Salas Mendoza, C.J., Palafox and Soto, JJ.

10